**James Lee HUTCHINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67325.**

Court of Criminal Appeals of Texas, En Banc.

April 13, 1983.

Rehearing Denied June 1, 1983.

Gary J. Coker, Jr., Waco, for appellant.

Felipe Reyna, Dist. Atty., and Merrilee Harmon, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of the felony offense of failure to appear. Punishment, enhanced by allegation and proof of a prior felony conviction, was assessed at twenty years. The sufficiency of the evidence is not challenged.

In his first ground of error, appellant contends that the trial court erred in admitting into evidence a copy of a theft indictment in a prior unadjudicated case. At trial, appellant contended that the theft indictment was (1) hearsay, (2) introduced in violation of the Best Evidence Rule, and (3) constituted proof of an extraneous offense. The prosecution established that appellant failed to appear to answer the theft indictment at arraignment therefor.

V.T.C.A., Penal Code, Section 38.11, provides:

"(a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release.

" * * * *

"(f) An offense under this section is a felony of the third degree if the offense for which the actor's appearance was required is classified as a felony."

The indictment, in pertinent part, alleged that appellant:

"... being then and there a person lawfully released from custody with bail on condition that he subsequently appear, did then and there intentionally and knowingly fail to appear in accordance with the terms of his release, in that the said JAMES LEE HUTCHINS, on said date, had theretofore been released from custody, upon bail, for the felony offense of theft of property having a value of two hundred dollars or more but less than ten thousand dollars, upon condition that he should well and truly make his personal appearance before the Honorable 54th Judicial District Court for McLennan County, Texas, to answer said charge, and the said JAMES LEE HUTCHINS being subsequently indicted upon said charge, and the case being called for arraignment in said Court, upon the date heretofore alleged, the said JAMES LEE HUTCHINS came not, but wholly made default of his apperarance (sic), ..."

Because proof of a pending felony case for which the appellant failed to appear is an essential element of the offense, the theft indictment herein is not an extraneous offense but part and parcel of the offense charged.

The copy of the theft indictment admitted into evidence as State's Exhibit 3 bears the certification necessary for the document to be admissible pursuant to Article 3731a, V.A.C.S. Mr. Malone, an assistant district attorney who was originally assigned to prosecute appellant's theft case, testified that he presented the indictment to the grand jury who returned a true bill of indictment for theft against appellant. Malone stated that State's Exhibit 3 was the same indictment he presented to the grand jury and that the appellant at trial herein was the same person indicted for theft in State's Exhibit 3. Because appellant's identity was established as being the same person in the theft indictment and the certificate accompanying the theft indictment complies with Article 3731a, supra, the indictment is admissible as a public record, an exception to the hearsay rule. Appellant's contention that State's Exhibit 3 is not the best evidence was not briefed herein and, therefore, nothing is presented for review on that issue. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in admitting a certified copy of his felony bail bond, State's Exhibit 1, into evidence because it was hearsay. Like the indictment, the bail bond contained the conditions of appellant's appearance and was part of the State's proof.

Dell Butler testified that he is employed as a bail bondsman and signed State's Exhibit 1, the bail bond, for appellant guaranteeing his appearance in court to answer his pending theft indictment. Butler identified appellant at trial as being the same person who was released pursuant to the bail bond. Thus, State's Exhibit 1 was properly admitted as a public record, an exception to the hearsay rule. Article

3731a, supra. Appellant's second ground of error is overruled.

We have noted that appellant has urged a pro se brief on appeal and, although not entitled to hybrid representation,[1] we have reviewed the same and are unable to find any reversible error therein.

The judgment is affirmed.

---

1. *Landers v. State,* 550 S.W.2d 272 (Tex.Cr. App.1977).