**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Reginald James CAUSEY, Defendant-Appellant.**

No. 86–3469.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1988.

---

**17.** *Rumbaugh,* 753 F.2d at 399, 402.

Burton P. Guidry, Baton Rouge, La., (Court-appointed), for defendant-appellant.

Richard B. Launey, Asst. U.S. Atty., Stanford O. Bardwell, Jr., U.S. Atty., Baton Rouge, La., Mervyn Hamburg, Atty., App.

Section, Crim. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

On Remand from the En Banc Court.

Before GOLDBERG, RUBIN, and POLITZ, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This court, sitting en banc, has held that the confession of Reginald James Causey was not unconstitutionally obtained after he was arrested on a bench warrant for failure to appear in City Court even if the purpose of the city police who made the arrest was to interrogate him about the bank robbery to which he confessed and for which he was convicted.[1] The case was then remanded to this panel for the consideration of the other issues raised by Causey. Although the original panel opinion[2] was vacated by the court's decision to rehear the case en banc,[3] the facts are set forth in that opinion and in the en banc opinion. We add only those additional facts that are not fully discussed in these two earlier opinions.

Causey contends that the city police coerced him into making a confession by threats that, if he did not confess, he would be prosecuted by the state as an habitual criminal and would then be subject to an "automatic life sentence." He contends, therefore, that, even though he later voluntarily gave a confession to a Federal Bureau of Investigation agent, the confession was rendered involuntary by the continuing effect of the earlier threats.

After hearing the evidence on the motion to suppress the confession, the district court denied the motion. After the confession had been introduced at the trial, Causey testified that the alleged threats had been made. His testimony was contradicted by the testimony of two city officers who stated that they had neither made any

1. *United States v. Causey*, 834 F.2d 1179 (5th Cir.1987) (en banc).

2. *United States v. Causey*, 818 F.2d 354 (5th Cir.1987).

3. Loc.R. 41.3, Rules of the United States Court of Appeals for the Fifth Circuit (1987).

threats against nor offered any promises to him. The jury's decision turned solely on evaluation of the relative credibility of the government's witnesses and Causey. After hearing the testimony at trial, the jury chose to credit the government's witnesses. We would surely exceed both our authority and the bounds of good judgment by substituting our determination that Causey's account is correct and the other, directly contrary, testimony is false.[4]

Causey also contends that he asked for counsel but his request was ignored. Two city police officers and the federal agent testified that on separate occasions Causey was advised of his right to counsel, first by the city police, then by the FBI agent, and that he never asked for counsel. The jury, having seen and heard the witnesses, did not believe Causey's account. There the fact-finding rests.

■ Finally, Causey contends that his confession was obtained in violation of Rule 5 of the Federal Rules of Criminal Procedure and the Supreme Court decision in *Mallory v. United States*[5] because he was not taken before a federal magistrate without unnecessary delay. After a defendant has been tried and convicted, however, delay in bringing him before a magistrate is not reason to set aside the conviction unless the defendant can show that he was prejudiced by the delay.[6] Causey was arrested at 10:30 a.m. on December 23, 1985, and gave his confession to the FBI agent at 2:00 p.m. the same day. A federal warrant for his arrest was issued on December 24, but he was not taken before a federal magistrate until 3:20 p.m. on December 27.

■ The requirement of Rule 5(a) begins when the accused is taken into federal custody,[7] unless the federal and state officials have previously been working in concert, a circumstance not here present. Thus, Cau-

sey had a right to be taken before a federal magistrate without unnecessary delay on December 23 immediately after he was interviewed by the FBI agent. Despite the intervention of the Christmas holiday, the government does not contend that the four-day delay was necessary.

It does assert, however, that Causey has not demonstrated that his defense was in any way prejudiced by the four-day delay. He had already signed a confession and nothing happened in the interval to damage him or to affect his defense adversely. There was indeed neither allegation of nor proof of prejudice.

Accordingly, the judgment of conviction is AFFIRMED. The members of the panel, however, continue to adhere to their dissent from the en banc opinion.

---

4. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

5. 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

6. *United States v. Montes-Zarate,* 552 F.2d 1330, 1331 (9th Cir.1977), *cert. denied,* 435 U.S. 947,

98 S.Ct. 1532, 55 L.Ed.2d 545 (1978); *see also United States v. Greer,* 566 F.2d 472, 473 (5th Cir.), *cert. denied,* 435 U.S. 1009, 98 S.Ct. 1881, 56 L.Ed.2d 391 (1978).

7. *United States v. Rollerson,* 491 F.2d 1209, 1212 (5th Cir.1974).