Krisha Annette HARKINS, Appellant,

v.

STATE of Texas, State.

No. 2–88–213–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 20, 1989.

Jim Shaw, Fort Worth, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, for State.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal from a probation revocation proceeding wherein appellant's probation was revoked and she was sentenced to ten years confinement in the Texas Department of Corrections.

We affirm.

Appellant pled guilty to aggravated possession of a controlled substance and received a sentence of ten years confinement in the Texas Department of Corrections. This sentence was probated on several conditions, among which that appellant would commit no offense against the laws of the State of Texas, or any other state, or the United States of America.

Subsequently, the State filed a motion to revoke probation alleging commission of another offense. Upon hearing and presentation of the evidence, the trial court

rendered a judgment revoking probation and sentencing appellant to ten years in the Texas Department of Corrections.

A brief recitation of the facts is necessary for the disposition of this case.

As a result of two unrelated arrests, Detective Pritchard, of the Saginaw Police Department, (then Patrol Sergeant Pritchard) came into possession of a motel room key which fit room 101 at the Great Western Inn. At the time he was given this key, Officer Pritchard was standing in the parking lot of the Great Western Inn some fifty to sixty feet away from room 101. Thereupon, he proceeded across the parking lot in the direction of the room. When he reached the sidewalk adjacent to the doorway, outside room 101, Officer Pritchard looked into the room through a small opening in the curtains. The officer could see what he believed to be drug paraphernalia consisting of: two syringes, a spoon, and cotton on the table inside the room. He approached the window for a closer look and observed two women in the room. Officer Pritchard decided to enter the room in order to seize what he believed to be drug paraphernalia. It is pertinent to note Officer Pritchard did not have a search warrant for the motel room. Officer Pritchard used the key in his possession to open the motel room door. He entered the room, seized the paraphernalia, and arrested two women. One of the women arrested was appellant.

The State used the drug paraphernalia seized from the motel room as evidence against appellant at her probation revocation hearing. Appellant's probation was revoked upon the basis of a violation of the laws of the State of Texas to-wit: possession of a controlled substance.

Appellant raises three points of error. First, appellant alleges the trial court erred in admitting evidence which was seized as the result of an illegal search. Second, appellant alleges there was insufficient evidence to show a connective link between appellant and the alleged controlled substance. Lastly, appellant alleges there was no legal, competent, credible evidence to establish that the substance inside the syringes was amphetamine.

A probation revocation hearing is *sui generis.* It is provided for by statute. TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp.1989). The rules of evidence apply. *Polk v. State,* 729 S.W.2d 749, 752 fn.2 (Tex.Crim.App.1987). We do not find it necessary to compare this hearing to other types of proceedings as other courts have correctly or incorrectly done. *See Hill v. State,* 480 S.W.2d 200, 202 (Tex. Crim.App.1971), *cert. denied,* 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (1972). The result of such hearing is not a conviction but a finding upon which the trial court may exercise its discretion by revoking or continuing the probation period. *Soliz v. State,* 171 Tex.Crim. 376, 350 S.W.2d 566, 567 (1961). As such, the standard of our review is abuse of discretion.

The burden of proof in a probation revocation hearing, which is upon the State, is by a preponderance of the evidence. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App.1981). Here, this burden required the State to prove, at the probation revocation hearing, it is more probable than not that the defendant was in possession of a substance prohibited by the Controlled Substances Act, TEX.REV. CIV.STAT.ANN. art. 4476–15, § 1.01 *et seq.* (Vernon Supp.1989) (codified as TEX. HEALTH & SAFETY CODE ANN.; 1989 Tex.Sess.Law Serv. 2901 *et seq.* (Vernon)).

Turning to her first point of error, appellant argues the evidence used against her in her probation revocation hearing was the result of an illegal search. Appellant contends the State's reasons for entering the motel room in question are merely a pretextual justification for conducting an illegal search. In support of her argument appellant cites *Amador–Gonzalez v. United States,* 391 F.2d 308 (5th Cir.1968) and *United States v. Causey,* 818 F.2d 354 (5th Cir.1987). These two cases form a line of reasoning wherein the court must consider the subjective intent of the arresting officer when doing what he is legally entitled to do rather than objectively viewing his actions in light of the circumstances. It

appears that the doctrine of pretext applies only to an officer's motivation in conducting an arrest for the purpose of obtaining a search incident to that arrest or in order to illicit a confession from the accused. *Bennett v. State*, 742 S.W.2d 664, 672 (Tex. Crim.App.1987); *Barber v. State*, 737 S.W.2d 824, 833 (Tex.Crim.App.1987). Because those are not the facts in this case, we must assume appellant intends for us to extend the doctrine of pretext to searches under other exceptions to the warrant requirement, including the plain view exception. We decline to do so. We also point out that appellant's authorities for this reasoning, *Amador–Gonzalez* and *Causey* have been overruled and reversed respectively. *See United States v. Causey*, 834 F.2d 1179, 1184 (5th Cir.1987), *on remand*, 835 F.2d 1527 (5th Cir.1988) (subjective intent test overruled and replaced with an objective evaluation of officer's actions view in light of the circumstances). We are inclined to agree with the State's argument that the evidence was properly admitted under the plain view exception to the warrant requirement.

In order to establish the plain view exception to the warrant requirement, the State must demonstrate that an officer was lawfully on the premises and the items he seized were in plain sight or open view. *Clark v. State*, 548 S.W.2d 888, 889 (Tex. Crim.App.1977). The record reflects Officer Pritchard's testimony that he was approximately three to four feet from the window of the motel room when he observed what he believed to be drug paraphernalia on the table, inside the room. According to his description of the premises, Officer Pritchard was on the sidewalk immediately outside the room. Nowhere does appellant contend the police officer did not have a legal right to be on this sidewalk. Neither does appellant disagree with the fact that the alleged drug paraphernalia was lying in open view on the table. Rather, appellant's claim that her constitutional rights have been violated is precariously moored to the two-inch gap in the curtains. Appellant would have this court rule, as a matter of law, that a two-inch gap in the curtain is of insufficient width for a police officer, passing on the connected sidewalk, to see into the room without breaching the expectation of privacy of parties within the room. Fortunately, we need not decide what precise width the curtains need be drawn before a police officer is unable to see through the window pane. What we must do, however, is view the evidence in the light most favorable to the findings of the court. *Garrett*, 619 S.W.2d at 174. Viewed in this light, we find there was sufficient evidence to allow the trial court to rule the State's exhibits did not result from an illegal search.

The trial court did not abuse its discretion by admitting this evidence. Appellant's first point of error is overruled.

We now consider appellant's second point of error. Here, she urges this court to hold that there was insufficient evidence to show a connective link between appellant and the alleged controlled substance. While appellant does not dispute that she was sitting at a table upon which drug paraphernalia and allegedly a controlled substance were present, she urges that mere presence at a place where a controlled substance is being used or possessed has never been sufficient to establish joint possession. *Waldon v. State*, 579 S.W.2d 499, 501 (Tex.Crim.App.1979). Further, appellant argues the State must show she was aware her conduct or the circumstances surrounding her conduct constituted possession of a controlled substance. *Humason v. State*, 728 S.W.2d 363, 365 (Tex. Crim.App.1987). We agree. However, the record reflects appellant was not merely in the vicinity of a controlled substance.

The State is required to provide affirmative links between the accused and the custody and control of the contraband. *Id.* at 365. The arresting officer testified that appellant was seated at a table upon which drug paraphernalia and allegedly a controlled substance were present in plain view. There was no one else seated with her at this table. Additionally, the arresting officer testified that appellant had needle marks on her arm, at least one of which appeared to be of very recent origin.

When viewing the record in the light most favorable to the findings of the court, we do not find appellant's arguments compelling. Possession of a controlled substance need not be exclusive and evidence which shows that the accused jointly possessed the contraband with another is sufficient. *Waldon,* 579 S.W.2d at 501. We find there was sufficient evidence for the trial court to rule appellant, more probably than not, was in possession of the substances on the table.

We hold the trial court did not abuse its discretion when it ruled appellant was in possession of the substances on the table. Appellant's second point of error is overruled.

In her final point of error appellant contends there was no legal, competent, credible evidence that the substance in question was a controlled substance. The State was required to meet its burden that appellant was engaged in the conduct with which she was charged, to-wit: possession of a controlled substance. As such, it was necessary for the State to demonstrate that the substance in question was, in fact, prohibited by the Controlled Substances Act, TEX. REV.CIV.STAT.ANN. art. 4476–15, § 1.01 *et seq.* (Vernon Supp.1989) (codified as TEX. HEALTH & SAFETY CODE ANN.; 1989 Tex.Sess. Law Serv. 2901 *et seq.* (Vernon)). The record reflects that Officer Pritchard testified concerning the substances which were in appellant's control. The substances were traced through a chain of custody to the laboratory which analyzed the substance inside the syringes.

Max Courtney, the laboratory director, was called to testify. He was qualified as an expert. He testified that it was possible to take a substance that was unknown and determine the identity of the substance. Additionally, he testified that he had made such an analysis on many occasions in the past.

Courtney then identified State's Exhibit 2 and 3 as the syringes in question. He testified that a chemical analysis had been conducted upon the substances within the syringes and that analysis revealed that the chemical contained therein was amphetamine.

This testimony occurred without objection by appellant's counsel. Upon cross-examination, Courtney testified that he arrived at his opinion by interpreting the data reflected upon the ultraviolet spectra and gas chromatograms which were produced during the analysis of the chemicals. Appellant's complaint is hinged upon Courtney's testimony that he could not recall if the data upon which he relied in forming his opinion was the product of the chemical analysis of State's Exhibits 2 and 3. Appellant's counsel objected on the basis that Courtney's opinion was hearsay and that the proper predicate for his testimony had not been laid. The trial court overruled this objection.

We find that Courtney's expert opinion is not hearsay. *See* TEX.R.CRIM.EVID. 702. If anything, he arrived at his opinion by relying upon inadmissible data. It is not impermissible for an expert to rely upon inadmissible facts or data if they are of a type reasonably relied upon by experts in that particular field. TEX.R.CRIM.EVID. 703; *Pike v. State,* 758 S.W.2d 357 (Tex. App.—Waco 1988), *vacated on other grounds,* 772 S.W.2d 130 (Tex.Cr.App. 1989).

Whether to admit or exclude expert testimony is within the discretion of the trial court. *Powers v. State,* 757 S.W.2d 88, 93 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). In light of the testimony Courtney gave at the hearing indicating that this analysis was a common one which he had performed many times, we find that the court could have found the data in question was of a type reasonably relied upon by experts in his particular field.

Appellant has not objected that the underlying data is not of the type reasonably relied upon by experts in Courtney's particular field. Because no objection was made at trial, it is waived for the purpose of appellate review. TEX.R.APP.P. 52; *Sharp v. State,* 707 S.W.2d 611, 619 (Tex.

Crim.App.1986), *cert. denied,* — U.S. —, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

We hold that the trial court did not abuse its discretion in finding the substance in question was a controlled substance.

Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.