**Roger Mack BRITTON, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–229–CR.**

Court of Appeals of Texas, Fort Worth.

Aug. 15, 1990.

connection Snyder not called in for a witness?"

Tom D. Jester, Minor & Jester, Denton, for appellant Carrizales.

Jerry Cobb, Crim. Dist. Atty., Nancy Jessee, Gwinda Burns, Asst. Crim. Dist. Attys., Denton, for appellee Wal–Mart.

Before FARRIS, LATTIMORE and MEYERS, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Roger Mack Britton, was indicted for the offense of aggravated possession of a controlled substance. TEX. REV.CIV.STAT.ANN. art. 4476–15 *et seq.* (Vernon Supp.1989) (codified as TEX. HEALTH & SAFETY CODE ANN.; 1989 Tex.Sess.Law Serv. 2901 *et seq.* (Vernon)). The jury returned a verdict of guilty and assessed penalty at life imprisonment in the Texas Department of Corrections and a $50,000 fine.

We affirm.

Chief Deputy Constable Melton of Precinct 3 in Denton County received a tip that a crime was about to be committed at a convenience store located in a shopping center in Lewisville. He and his partner, Officer Welborn, proceeded to that store to observe if the suspected activity was, in fact, occurring. Based upon their information, the officers were looking for a '70's model Ford 2–door with a partial license number 708. They anticipated that this car would be driven by a white male whom they were informed was a convicted felon.

When the officers arrived at the shopping center, they did not find the suspect vehicle. They parked in a place where they could observe the entire parking lot. Officer Melton testified that approximately five minutes later, the suspect vehicle arrived on the scene. The officers proceeded in their unmarked patrol unit toward the suspect vehicle with the intention of intercepting it. The suspect vehicle came to a point in the parking lot where it stopped. Officer Melton testified that at this time he observed two people inside the automobile. The officers stopped the unmarked patrol unit directly in front of the suspect vehicle. At that time, Officer Melton jumped out of the car with his badge in one hand and his pistol in the other hand. Officer Melton saw the two suspects duck down in the car and the car began rapidly accelerating in

reverse. The car then began to accelerate rapidly forward when the driver apparently lost control on wet pavement and the car collided with a telephone pole.

Officer Melton then went to the driver's side of the vehicle and observed the driver and the passenger down in the floor board. Officer Melton saw the passenger stuffing something behind the glove compartment. Officer Melton identified himself as a police officer. The officer opened the driver's door and removed the driver. Officer Welborn removed the passenger from the car. Officer Melton returned to the car to retrieve the item he saw appellant stuffing behind the glove compartment. The item was a brown paper bag which contained amphetamine. At that time, the driver and appellant were placed under arrest.

In appellant's first and second points of error he complains that the trial court erred in not granting his motion to suppress all of the evidence removed from the suspect vehicle because there had been no search warrant and no probable cause for arresting appellant and because there was no evidence showing appellant was in possession of a controlled substance.

■ Appellant's first point of error is critically linked to our finding that the officers' positioning of their patrol unit in front of the suspect vehicle and their subsequent attempt to stop the vehicle constituted a detention. We find this contention unsupported by the record.

We are required to view the record in the light most favorable to the findings of the trial court. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981). The record reflects that the suspects were not detained until after an attempted high-speed escape, through a parking lot, which resulted in the vehicle colliding with a telephone pole. We find that, upon observing the driver of the suspect vehicle driving recklessly, the officers had sufficient probable cause to arrest the driver of the vehicle for recklessness. *See* TEX.REV.CIV. STAT.ANN. art. 6701d, § 51 (Vernon 1977). Once a lawful arrest had been made under these circumstances, the police are allowed by law to search the passenger compartment of the automobile. *Satterwhite v. State*, 726 S.W.2d 81, 87 (Tex.Crim.App.) (en banc), *rev'd on other grounds*, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284. We find that the search of the suspect vehicle and the discovery of the contraband are within the "incident to a lawful arrest" exception to the warrant requirement and no warrant was required to search the car and seize the contraband. The contraband was admissible at trial.

■ To prove possession of a controlled substance, the State must show appellant was aware his conduct or the circumstances surrounding his conduct constituted possession of a controlled substance. *Humason v. State*, 728 S.W.2d 363, 365 (Tex.Crim.App.1987) (en banc); *Harkins v. State*, 782 S.W.2d 20, 23 (Tex.App.—Fort Worth 1989, no pet.). The State is required to provide affirmative links between the accused and the custody and control of contraband. *Humason*, 728 S.W.2d at 365; *Harkins*, 782 S.W.2d at 23. We recognize that mere presence at a place where a controlled substance is being used or possessed has never been sufficient to establish joint possession. *Waldon v. State*, 579 S.W.2d 499, 501 (Tex.Crim.App. [Panel Op.] 1979).

■ Officer Melton testified that he saw appellant stuffing the bag in which the contraband was contained, behind the glove compartment. We think the record establishes sufficient affirmative links between appellant and the contraband to establish at least a joint custody and control of the contraband. We hold that the State has satisfied the requirements of *Humason* and *Harkins*.

Appellant's first and second points of error are overruled.

In appellant's third point of error he complains the trial court erred in allowing the testimony of the officer regarding information they had received from their informant. Appellant's complaint is based upon the State's failure to lay proper predicate concerning the qualifications of the informant or the accuracy of the information.

Additionally, the evidence was insufficient to establish the credibility of the informant.

Appellant argues that the testimony of the officer was insufficient to establish probable cause to stop and search the suspect vehicle. We have already determined that the stop and search of the suspect vehicle was lawful. We are not persuaded by appellant's additional arguments. Appellant's third point of error is overruled.

In appellant's fourth point of error he argues that the trial court erred in allowing evidence seized from a search of the car because the evidence was a result of a pretextual arrest.

■ A pretextual arrest is one made for the purposes of eliciting testimony or making a search incident to that arrest. *Bennett v. State,* 742 S.W.2d 664, 672 (Tex. Crim.App.1987) (en banc); *Barber v. State,* 737 S.W.2d 824, 833 (Tex.Crim.App.1987) (en banc), *cert. denied,* —— U.S. ——, 109 S.Ct. 1559, 103 L.Ed.2d 861 (1988). Under our facts, in order for this to have been a pretextual arrest, the officers would have had to have made the arrest under the guise of another violation for the purposes of searching the car for narcotics.

■ We are concerned because the record indicates that the officers attempted to detain the suspects prior to observing any illegal conduct. We agree with appellant that the record raises the issue of a pretextual arrest. However, we do not think the record supports the contention that a pretextual arrest actually occurred. Under the current standard set out in *United States v. Causey,* 834 F.2d 1179 (5th Cir.1987), *on remand,* 835 F.2d 1527 (5th Cir.1988) the courts are required to make an objective evaluation of an officer's actions viewed in the light of the circumstances.

Once the officers had observed the reckless conduct, they were entitled to detain and arrest the driver. Upon his arrest, the officers could lawfully search the car. Whether the driver has been prosecuted for the offense of reckless driving is not before this court. Even so, an arrest does not require the State to prosecute. Whether to prosecute an accused is an independent evaluation which is not made by the police.

When viewing the record in the light most favorable to the findings of the trial court, we think that the trial court could have found that the circumstances surrounding appellant's arrest and the search of the car support the State's contention that the officers acted properly.

Appellant's fourth point of error is overruled.

In appellant's fifth point of error he complains that the trial court improperly commented upon the weight of the evidence when it judicially noticed an opinion published by the Court of Criminal Appeals. The complained-of judicially noticed opinion was an affirmance by the Court of Criminal Appeals of appellant's prior conviction. Published opinions written by the Court of Criminal Appeals are law. They are binding upon the courts. We are not prepared to rule that a trial court cannot take judicial notice of the law.

Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.