**Brian T. KRAMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–00774–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 7, 1991.

Discretionary Review Refused
Feb. 5, 1992.

Gerald E. Hopkins, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a conviction for the offense of promotion of obscene material. Appellant pleaded not guilty to the charge. A jury found appellant guilty as charged in the information and the trial court assessed punishment at 90 days confinement, probated, and a $600 fine. Appellant brings eighteen points of error. We affirm.

A Houston vice officer entered a bookstore called Gas Light News and Video Store to check for obscenity violations. Once in the store, the officer saw appellant at the counter and observed racks of sexually explicit magazines and video tapes. The magazines were clearly visible to appellant and graphically depicted homosexual and heterosexual conduct. The officer randomly picked a magazine from the shelf and removed the white cover, while in the view of appellant. Then the officer placed the uncovered magazine entitled "Cum Cravers" on the counter in front of the appellant. The appellant picked up the magazine, looked at the front and back which depicted sexually explicit scenes, and stated he could not sell the magazine without the white cover. The officer put the white cover back on the magazine and the appellant registered the sale. The officer paid for the magazine and then left the store. Thereafter, the magazine was reviewed by a neutral magistrate who issued a warrant and appellant was arrested for the offense of promoting obscene material.

Appellant's raises eighteen points of error against his conviction. Remarkably, appellant's points of error 1 through 6, 8 through 10, 17 and 18 have already been decided by this court in an earlier decision. *Smith v. State*, 811 S.W.2d 665 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

Therefore, we, accordingly, overrule these points of error.

■ In his seventh point of error, appellant contends that the complaint is invalid, therefore the information is invalid. Appellant fails to inform this court why the complaint is invalid. Appellant does cite to the *Shackelford* decision, which held a complaint invalid because it contained an undated jurat. *Shackelford v. State*, 516 S.W.2d 180 (Tex.Crim.App.1974). In the instant complaint, the jurat is clearly dated. Since nothing else is presented for review, we overrule appellant's seventh point of error.

■ In his eleventh point of error, appellant asserts that the trial court erred in denying his requested charge which stated that the magazine named in the information was presumed to be not obscene and a protected expression under the first amendment. When a refused charge is substantially the same or is adequately covered by the charge given, there is no harm in failure to give the refused charge. *Hawkins v. State*, 660 S.W.2d 65 (Tex.Crim.App. 1983). We conclude the charge actually given was substantially the same and adequately covered the charge refused. Both charges required the jury to find the magazine obscene beyond a reasonable doubt and the charge given contains an instruction on the presumption of innocence and a definition of "obscene." We overrule appellant's eleventh point of error.

■ In appellant's twelfth and thirteenth points of error, he alleges that the trial court erred in denying his motion for acquittal and his motion in arrest of judgment. Where appellant does not brief a ground of error, it presents nothing for review on appeal. *Hutchins v. State*, 650 S.W.2d 412 (Tex.Crim.App.1983); *Combs v. State*, 652 S.W.2d 804 (Tex.App.—Houston [1st Dist.] 1983, no pet.). Appellant failed to brief either point or cite to the record in accordance with the rules of appellate procedure. Tex.R.App.P. 74(d). However, these points of error can be dismissed on the merits because appellant's argument in his motion for acquittal is identical to his eighth point of error and his motion in arrest of judgment merely regurgitates his points of error one through seven, all of which have already been addressed by this court. These points of error are overruled.

■ Appellant's fourteenth point of error addresses the trial court's refusal to admit the 1987 community standards survey. Appellant contends that his witness should have been allowed to testify to the specific numerical results of the survey. Appellant fails to call our attention to any portion of the record where the alleged error occurred. This court is not obligated to locate specific instances of error from numerous pages of the statement of facts. *Cook v. State*, 611 S.W.2d 83 (Tex.Crim. App.1981); *Bell v. State*, 620 S.W.2d 116 (Tex.Crim.App.1980); *MacDonald v. State*, 761 S.W.2d 56 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Nevertheless, we will decide this issue on the merits.

Appellant correctly states the rule that inadmissible evidence may be admitted into evidence to support an expert's opinion if the probative value outweighs the probability that it will be improperly used by the jury. Tex.R.Crim.Evid. 705(d). However, before we get to that balancing test, the evidence must be of the type that is reasonably relied upon by experts in the particular field. *Harkins v. State*, 782 S.W.2d 20 (Tex.App.—Fort Worth 1989, no pet.); *Lister v. Employers Reinsurance Corp.*, 590 S.W.2d 803 (Tex.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). In our case, the record fails to establish that the survey was relied upon by other experts in the field. Thus, the trial court did not err in excluding the data and we overrule appellant's point of error.

■ In his fifteenth point of error, appellant complains that the trial court erred in overruling his motion to exclude evidence. Appellant contends that the magazine, "Cum Cravers" must be excluded under the rules of criminal procedure because the officer did not have probable cause to enter the store. Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp.1991). Once again the appellant fails to point out in the record where the alleged err occurred. But in any event, we believe appellant's argument is without merit. The instant magazine was not obtained by the police in violation of

any law but was purchased. The magazine was reviewed by a neutral magistrate to determine if probable cause existed and then an arrest warrant was issued for the appellant. Mere contact between a citizen and a police officer does not amount to a search and seizure requiring constitutional justification. *See Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Norman v. State*, 795 S.W.2d 249 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). Appellant's fifteenth point of error is overruled.

In his sixteenth point of error, appellant asserts that the trial court erred in denying his defense of entrapment. This defense would be available if the criminal design originated in the mind of the peace officer and he induced the appellant to commit the crime that appellant would not have otherwise committed. *See Richardson v. State*, 622 S.W.2d 852 (Tex.Crim.App. [Panel Op.] 1981). Merely affording the opportunity to commit the crime is not sufficient. *Id.* In the present case, there is no evidence that the appellant was induced or coerced into making the sale. The officer simply entered a public store and purchased a magazine offered for sale, thus he merely provided the appellant with an opportunity to commit the offense. Appellant's sixteenth point of error is overruled.

Accordingly, we affirm the judgment of the trial court.