14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Richard L. JOHNSON, Defendant/Appellant.
 No. 93-1152.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 20, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Richard L. Johnson was convicted by a jury of counterfeiting, in violation of 18 U.S.C. Sec. 471, and possessing or manufacturing paper in the size and shape of United States obligations with intent to defraud, in violation of 18 U.S.C. Sec. 491(b). He was sentenced to 24 months imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), Johnson's court-appointed attorney, Theodore R. Bryant-Nanz, filed a motion to withdraw with supporting brief, claiming that the issues on appeal are without merit. The court notified Johnson of his attorney's motion, and he has filed a response. Cir.Rule 51(a). Because we find no arguably meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 An issue raised by counsel is whether the search warrant obtained to search Johnson's home was constitutional. Much of the physical evidence[1] presented at trial was obtained pursuant to a search warrant issued by a judicial court commissioner.[2] Wis.Stat. Sec. 757.69; see Fed.R.Crim.P. 41(a). Nothing in the record or the transcript of the trial shows that Johnson objected to the validity of the search warrant or moved to suppress evidence obtained from the search. This claim would be raised for the first time on appeal, so we do not review it. United States v. Welsh, 721 F.2d 1142, 1145 (7th Cir.1983). "It is a well-established general proposition that a litigant cannot present to this court as grounds for reversal an issue which was not presented to the trial court and which it, therefore, had no opportunity to decide." United States v. Carter, 720 F.2d 941, 945 (7th Cir.1983). The only exception is the plain error rule. To establish plain error, Johnson must show that but for erroneously admitted evidence, he probably would have been acquitted. United States v. Snyder, 872 F.2d 1351, 1357 (7th Cir.1989). The testimony of many witnesses, including Johnson's accomplice, alone could have prevented Johnson's acquittal, and therefore no plain error exists here.
 
 
 3
 Counsel suggests the potential issue that there was insufficient evidence to convict Johnson. "A defendant attempting to overturn a conviction on the grounds of insufficient evidence bears a heavy burden." United States v. Koen, 982 F.2d 1101, 1105 (7th Cir.1992); see United States v. Motley, 940 F.2d 1079, 1084 (7th Cir.1991). We must uphold Johnson's conviction if the evidence, when viewed in the light most favorable to the government, establishes that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1079) (emphasis in original). We do not reweigh the evidence or resolve conflicts in testimony. See id. at 319-20. Where the challenge to the sufficiency of the evidence is based on the credibility of witnesses, we must defer to the determination of the jury in the absence of extraordinary circumstances. United States v. Beverly, 913 F.2d 337, 360 (7th Cir.1990), cert. denied, 111 S.Ct. 766 (1991).
 
 
 4
 The jury in this case heard the testimony of Raymond Collins, Johnson's accomplice in the counterfeiting scheme, who testified that he and Johnson stole a copy machine for use in counterfeiting currency. The counterfeited documents, as well as the supplies needed for a counterfeiting operation, were found at Johnson's residence. Johnson took the stand and denied any involvement in the scheme. Johnson testified that he purchased the copier and that the other items belonged to Collins. Having been presented with two versions of what occurred, a rational jury could discredit Johnson's testimony and find him guilty beyond a reasonable doubt. Because there are no extraordinary circumstances in this case, we defer to the jury's finding of guilt. Johnson cannot meet the heavy burden to overturn his conviction because of insufficiency of the evidence.
 
 
 5
 Johnson raises the potential issue of whether his detention by local authorities for five days without being charged violated his constitutional rights. Delay in bringing an accused before a federal magistrate is measured commencing with custody by the federal authorities. United States v. Causey, 835 F.2d 1527, 1529 (7th Cir.1988). If the defendant is first taken into local or state custody, the delay is still measured from the time custody by the federal authorities commences, unless the federal and state officials "have a previously been working in concert." Id. at 1529; see United States v. Barlow, 693 F.2d 954, 958 (6th Cir.1983). The warrant authorizing the search of Johnson's home was issued by a state court judge and executed on June 19, 1992. The United States did not have custody of Johnson until June 24, 1992, when the arrest warrant was issued and his preliminary hearing was scheduled. Between June 19 and 24, 1992 Johnson was being held in Milwaukee County Jail. There is no evidence that federal and Milwaukee officials were "working in concert." Further, there was no unconstitutional delay because federal custody began on June 24th and his initial appearance before a magistrate occurred that same day.[3]
 
 
 6
 Additionally, Johnson questions the federal magistrate's ability to preside over the preliminary and detention hearing in a neutral and detached way because he had already found probable cause to issue an arrest warrant against Johnson earlier that day. Johnson provides no support for the allegation that Judge Bittner was biased because he found probable cause to issue an arrest warrant prior to presiding over Johnson's initial appearance. See Aguilar v. Texas, 378 U.S. 108, 111 (1964).
 
 
 7
 Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Items seized included a copy machine, blank prescription forms, two embossing machines, counterfeit U.S. currency, and counterfeit food stamps
 
 
 [2]
 The Milwaukee Police Department conducted the initial investigation into Johnson's counterfeiting based upon information given to them by an informant. The United States subsequently took custody of Johnson
 
 
 [3]
 It is unclear why Johnson was held in custody by the state between June 19 and 24, 1992