NO. 07-00-0399-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 5, 2001
_____

SAMUEL DEAN JONES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13669-0003; HON. ED SELF, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Samuel Dean Jones, appellant, appeals his felony conviction for possession of a controlled substance, namely, methamphetamine. Through his sole point of error, he argues that the trial court abused its discretion in admitting State's Exhibit 2, *i.e.* evidence of the methamphetamine, because the proper chain of custody was not established. We disagree, overrule the point, and affirm the judgment below.

### *Background*

On February 26, 2000, police officers noticed appellant traveling down a dirt road

in excess of 90 miles an hour. They gave chase. Eventually, appellant's car slid into a ditch. He exited therefrom and started running. The officers then subdued him. While conducting a pat down search, Officer Spears (Spears) discovered "two syringes and some methamphetamine" on appellant's person. When asked what he did with the methamphetamine, Spears testified that he "had it for evidence." When asked whether he transported it to a laboratory operated by the Department of Public Safety, the trooper stated: "[y]es, I did, a couple of days." When asked if he "turned it over to them," he answered: "[t]hat's correct."

The technician at the laboratory was subsequently examined about the substance delivered by Spears. He informed the jury that it was submitted to the laboratory on March 1, 2000. At that point the State asked "how is it submitted . . . ." In response, the technician stated that:

> [w]hen *he brought* this into the Laboratory, the evidence is always submitted in a sealed condition. So, this would be all that would be seen, *would be the envelope sealed with his initials*.

(Emphasis added). Then, the technician testified that a "unique laboratory case number" was assigned to the evidence and that this was "a way for [them] to track the evidence . . . ." Furthermore, he stated that Spears was the individual that submitted the evidence in question for analysis, that information regarding the date of the offense accompanied the submission, and that the date of that offense according to the information was February 26, 2000. So too did he testify that after analyzing the substance, which he concluded was methamphetamine, he resealed the package in which the substance was contained and placed his initials on it. Finally, in answer to the question about whether the

2

evidence presented at trial was the "same baggie that . . . Spears gave [him], or the same stuff that Officer – methamphetamine that . . . Spears gave you," the technician said: "[y]es, it is."

Later, Spears was asked by the State whether the substance analyzed by the technician "appear[ed] to be what you took" to the laboratory, he answered: "[y]es, sir." And, when asked if he took "that stuff from that man over there" and whether "it look[ed] like that," the trooper responded: "[y]es, sir, I did" and "[y]es, sir," respectively.

### *Authority and Its Application*

Appellant contends that the trial court erred in admitting the substance into evidence because the State failed to prove chain of custody from the time it was taken from appellant to the time it was delivered to the laboratory. Whether he is correct depends upon whether the trial court abused its discretion. *Anderson v. State*, 621 S.W.2d 805, 810 (Tex. Crim. App. 1981); *Harkins v. State*, 782 S.W.2d 20, 23 (Tex. App.--Fort Worth 1989, no pet.). Moreover, without evidence of tampering, questions involving gaps in the chain of custody go to the weight of the evidence, not its admissibility. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997), *cert. denied*, 522 U.S. 917, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997); *Durrett v. State*, 36 S.W3d 205, 209 (Tex. App.–Houston [14th Dist.] 2001, no pet.); *Garner v. State*, 939 S.W.2d 802, 804-805 (Tex. App.–Fort Worth 1997, pet. ref'd).

Again, appellant contends that the methamphetamine was inadmissible. This is allegedly so because the State did not prove the chain of custody between the time Spears initially obtained possession of the drug from appellant and subsequently delivered it to

3

the laboratory, several days later. The record does reveal, however, that Spears took possession of the contraband on February 26, 2000 and delivered it to the laboratory on March 1, 2000. Furthermore, the testimony of the lab technician can reasonably be construed as stating that he received the substance from Spears in an envelope sealed with the initials of Spears. So too does this technician describe how he assigned a number to the item, analyzed the substance therein, resealed the package once the contents were analyzed, and affixed his initials on the package. The technician also testified that the evidence present in court was the substance given him by Spears. Finally, when asked whether the contraband present at trial was the substance taken from appellant, Spears said it "looked" like it.

While the testimony of Spears was not as strong as it could be, the evidence of record establishes the beginning and end of the chain of custody. Thus, the substance was admissible, and any questions regarding the gaps merely affected the weight which the fact-finder could assign to the evidence. *Lagrone v. State*, *supra*; *Durrett v. State*, *supra*; *Garner v. State*, *supra*. This is especially so given the want of evidence suggesting that anyone tampered with the substance once taken into custody by Spears.

Accordingly, the trial court did not abuse its discretion in admitting the evidence, and we affirm the judgment.


Brian Quinn
Justice


4

Do Not Publish.