NO. 07-00-0399-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D


 

DECEMBER 5, 2001


______________________________



SAMUEL DEAN JONES
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13669-0003; HON. ED SELF, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Samuel Dean Jones, appellant, appeals his felony conviction for possession of a
controlled substance, namely, methamphetamine. Through his sole point of error, he
argues that the trial court abused its discretion in admitting State's Exhibit 2, i.e. evidence
of the methamphetamine, because the proper chain of custody was not established. We
disagree, overrule the point, and affirm the judgment below. 

Background 

 On February 26, 2000, police officers noticed appellant traveling down a dirt road
in excess of 90 miles an hour. They gave chase. Eventually, appellant's car slid into a
ditch. He exited therefrom and started running. The officers then subdued him. While
conducting a pat down search, Officer Spears (Spears) discovered "two syringes and some
methamphetamine" on appellant's person. When asked what he did with the
methamphetamine, Spears testified that he "had it for evidence." When asked whether he
transported it to a laboratory operated by the Department of Public Safety, the trooper
stated: "[y]es, I did, a couple of days." When asked if he "turned it over to them," he
answered: "[t]hat's correct." 

 The technician at the laboratory was subsequently examined about the substance
delivered by Spears. He informed the jury that it was submitted to the laboratory on March
1, 2000. At that point the State asked "how is it submitted . . . ." In response, the
technician stated that: 

 [w]hen he brought this into the Laboratory, the evidence is always submitted
in a sealed condition. So, this would be all that would be seen, would be the
envelope sealed with his initials.


(Emphasis added). Then, the technician testified that a "unique laboratory case number"
was assigned to the evidence and that this was "a way for [them] to track the evidence

. . . ." Furthermore, he stated that Spears was the individual that submitted the evidence
in question for analysis, that information regarding the date of the offense accompanied
the submission, and that the date of that offense according to the information was
February 26, 2000. So too did he testify that after analyzing the substance, which he
concluded was methamphetamine, he resealed the package in which the substance was
contained and placed his initials on it. Finally, in answer to the question about whether the
evidence presented at trial was the "same baggie that . . . Spears gave [him], or the same
stuff that Officer - methamphetamine that . . . Spears gave you," the technician said: "[y]es,
it is."

 Later, Spears was asked by the State whether the substance analyzed by the
technician "appear[ed] to be what you took" to the laboratory, he answered: "[y]es, sir." 
And, when asked if he took "that stuff from that man over there" and whether "it look[ed]
like that," the trooper responded: "[y]es, sir, I did" and "[y]es, sir," respectively.

Authority and Its Application

 Appellant contends that the trial court erred in admitting the substance into
evidence because the State failed to prove chain of custody from the time it was taken
from appellant to the time it was delivered to the laboratory. Whether he is correct
depends upon whether the trial court abused its discretion. Anderson v. State, 621
S.W.2d 805, 810 (Tex. Crim. App. 1981); Harkins v. State, 782 S.W.2d 20, 23 (Tex.
App.--Fort Worth 1989, no pet.). Moreover, without evidence of tampering, questions
involving gaps in the chain of custody go to the weight of the evidence, not its admissibility. 
Lagrone v. State, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997), cert. denied, 522 U.S. 917,
118 S.Ct. 305, 139 L.Ed.2d 235 (1997); Durrett v. State, 36 S.W3d 205, 209 (Tex.
App.-Houston [14th Dist.] 2001, no pet.); Garner v. State, 939 S.W.2d 802, 804-805 (Tex.
App.-Fort Worth 1997, pet. ref'd).

 Again, appellant contends that the methamphetamine was inadmissible. This is
allegedly so because the State did not prove the chain of custody between the time Spears
initially obtained possession of the drug from appellant and subsequently delivered it to
the laboratory, several days later. The record does reveal, however, that Spears took
possession of the contraband on February 26, 2000 and delivered it to the laboratory on
March 1, 2000. Furthermore, the testimony of the lab technician can reasonably be
construed as stating that he received the substance from Spears in an envelope sealed
with the initials of Spears. So too does this technician describe how he assigned a number
to the item, analyzed the substance therein, resealed the package once the contents were
analyzed, and affixed his initials on the package. The technician also testified that the
evidence present in court was the substance given him by Spears. Finally, when asked
whether the contraband present at trial was the substance taken from appellant, Spears
said it "looked" like it. 

 While the testimony of Spears was not as strong as it could be, the evidence of
record establishes the beginning and end of the chain of custody. Thus, the substance
was admissible, and any questions regarding the gaps merely affected the weight which
the fact-finder could assign to the evidence. Lagrone v. State, supra; Durrett v. State,
supra; Garner v. State, supra. This is especially so given the want of evidence suggesting
that anyone tampered with the substance once taken into custody by Spears.

 Accordingly, the trial court did not abuse its discretion in admitting the evidence,
and we affirm the judgment.

 

 Brian Quinn

 Justice




Do Not Publish.