United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51458
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO GARCIA-BAEZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 7:05-CR-91-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Roberto Garcia-Baeza was convicted by a jury of attempting to transport more than $10,000 outside the United States with the intent to evade the currency reporting requirements of 31 U.S.C. § 5316, in violation of 31 U.S.C. § 5332. The district court sentenced Garcia-Baeza to a 27-month term of imprisonment and a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three-year period of supervised release. Garcia-Baeza contends that the court erred in denying his motion to suppress. We review the district court's fact findings for clear error and its legal conclusions de novo. United States v. Lopez-Moreno, 420 F.3d 420, 430 (5th Cir. 2005), cert. denied, 126 S. Ct. 1449 (2006).

Garcia-Baeza contends the court should have suppressed statements made by him before he was given warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Garcia-Baeza was arrested after bulk currency was discovered on his person and in his vehicle during a traffic stop. Routine traffic stops are analyzed under Terry v. Ohio, 392 U.S. 1 (1968). Lopez-Moreno, 420 F.3d at 430. A reasonable person in Garcia's situation would not have understood that he was under formal arrest. See United States v. Bengivenga, 845 F.2d 593, 596-98 (5th Cir. 1988) (en banc). The restraint on his freedom of movement was not of a degree that the law associates with formal arrest. See id. The court did not err in refusing to suppress the pre-arrest statements.

Garcia-Baeza argues that the court should have suppressed the statements he made during an interview, two days after his arrest, with a Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement because he was not taken before a magistrate judge in accordance with FED. R. CRIM. P. 5(a). He does not dispute that he was legally detained pursuant to the immigration laws or that he was advised of his right to remain silent before the interview. See 8 U.S.C. § 1357(a)(2). Because he has

been tried and convicted, he must show that he was prejudiced by the delay in taking him before a magistrate judge.  See United States v. Causey, 835 F.2d 1527, 1529 (5th Cir. 1988).  He can do so by demonstrating that the delay affected the voluntariness of his custodial statement.  See United States v. Bustamante-Saenz, 894 F.2d 114, 120 (5th Cir. 1990).  His  conclusional argument does not demonstrate that the delay in taking him before the magistrate judge was "for the purpose of interrogation or for any other malevolent reason" or "that the delay tainted the voluntariness of his confession or that there was a causal connection between the delay and his confession."  See Bustamante-Saenz, 894 F.2d at 120; see also United States v. Martin, 431 F.3d 846, 849–50 (5th Cir. 2005), cert. denied, 126 S. Ct. 1664 (2006); United States v. Perez-Bustamante, 963 F.2d 48, 51–54 (5th Cir. 1992).  The court did not err in denying the motion to suppress.

    Garcia-Baeza contends in a FED. R. APP. P. 28(j) letter that his sentence was increased beyond the statutory maximum in light of Blakely v. Washington, 542 U.S. 296 (2004).  This question is not properly before this court and has not been considered.  See FED. R. APP. P. 28(j); 5TH CIR. R. 28.4.

    AFFIRMED.