**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carl WELSH, Defendant-Appellant.**

**No. 83–1009.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 27, 1983.

Decided Nov. 30, 1983.

Scott M. Beller, Chicago, Ill., for defendant-appellant.

Robert B. Breisblatt, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before BAUER, ESCHBACH and COFFEY, Circuit Judges.

ESCHBACH, Circuit Judge.

The appellant, Carl Welsh, was convicted on one count of an indictment charging him with knowing possession of stolen property, in violation of 18 U.S.C. § 659. In this appeal, he challenges the district court's decision not to suppress certain incriminating statements he gave to the police. The appellant also claims that there was insufficient evidence to prove that he was in knowing possession of stolen property. Finding no merit to these claims, we affirm the judgment of conviction.

I.

At 9:20 a.m. on March 5, 1982, eight F.B.I. agents and two Chicago police officers executed a search warrant at the apartment of Rosa Jones. Jones shared the apartment with her daughter and the appellant. The object of the search was items stolen in a burglary of a United Parcels Service facility. On entering the apartment, the agents discovered the appellant hiding under a bed. While the testimony is contradictory, it appears that the appellant was read his *Miranda* rights by Officer Carroll of the Chicago Police Department soon after the officers entered the apartment. Agent Leadell Lee also testified that he read the appellant his rights soon after 9:20 a.m., and that the appellant refused at that time to sign a form waiving those rights.[1] The search continued for approximately two hours. The agents discovered several items they believed to be from the UPS burglary, and prepared those items for seizure. At approximately 11:00 a.m., as the agents were gathering the items they believed to be stolen, the appellant told Agent

---

1. At the suppression hearing, the appellant testified that he was never read his rights or shown a waiver form by Lee.

Lee, "You guys are taking things that aren't stolen." Lee again advised the appellant of his rights, and at that time, the appellant signed a form waiving those rights. According to Lee, the appellant then said, "I will tell you what is stolen and what isn't. Leave Rosie out of it . . . She doesn't know where this stuff came from." The appellant then proceeded to show the agents which items in the apartment were stolen. The items retrieved included a television set identified as one of the items stolen in the UPS burglary.

Before trial, the appellant moved to suppress the statements he had given in the apartment because he claimed they were given involuntarily. The appellant claimed that the statements were the product of coercion on the part of Agent Lee, who, Welsh testified, repeatedly told him that the situation "looked awfully bad for Rose." The appellant also claimed that he was under duress at the time of the statements, because he had been handcuffed for most of the two-hour search. After a hearing, the trial judge denied the appellant's motion. The court found that the agents had not used improper threats or physical coercion, that anything Welsh might have been told about possible adverse consequences for Rosa Jones was not coercive under the circumstances, and that Welsh's statements had been voluntarily given.

After a jury trial, the appellant was acquitted on a firearms charge, and convicted on one count of knowingly possessing a stolen television set. He was sentenced to a three-year prison term.

## II.

### A. *Denial of the Motion to Suppress*

On appeal, Welsh again argues that his statements should have been suppressed because they were given involuntarily. His argument is, in substance, that the fact that he was handcuffed for most of the time the search was conducted, combined with the presence of ten armed officers and Agent Lee's statements about possible adverse consequences for Rosa Jones, rendered his statements involuntary. "In resolving this issue, we must consider all the relevant facts and circumstances of record to determine whether [the appellant] made the decision to confess of his own free will or was coerced into confession by police actions." *Montes v. Jenkins,* 626 F.2d 584 (7th Cir. 1980).

■ We agree with the district court that the appellant's statements were not the result of improper police coercion. The district court found that, while the officers and agents were armed, their guns were put away as soon as they assured themselves that the apartment was secure. The appellant had been informed of his *Miranda* rights when he decided to make the statements to Agent Lee. The record supports the district court's finding that the appellant was not subjected to improper physical force or threats. There was no testimony that indicated the appellant was extensively questioned during the search. Finally, it is by no means clear from the record what, if anything, the appellant was told about possible adverse consequences for Rosa Jones. Assuming, *arguendo,* that Lee did make the statements attributed to him by the appellant, the fact that it "looked awfully bad for Rose" must already have been independently apparent to the appellant. The stolen television was found in an apartment leased by Rosa Jones, who was present during the search. While accepting the appellant's concern for Jones as sincere, we believe his argument that this concern amounted to coercion "is founded upon a misconceived identity between those choices which are physically or psychologically coerced and those which are merely difficult." *United States v. Mullens,* 536 F.2d 997, 1000 (2d Cir.1976). As the *Mullens* court noted, "[N]o federal court has yet held that a confession is involuntary solely on the ground that it was prompted by the defendant's desire to protect a relative from the rigors of arrest, interrogation and possible confinement." *Id.* We believe the district court correctly found that the appellant's statements were given voluntarily.

For the first time on appeal, the appellant claims that his statements were the product of improper police interrogation in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He cites *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) for the proposition that, once a defendant in custody has invoked his *Miranda* rights, the police must refrain, not only from express questioning, but also from "any words or actions ... (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301, 100 S.Ct. at 1689 (footnotes omitted). The appellant maintains that Agent Lee's alleged comments concerning Rosa Jones constituted improper interrogation under the *Innis* standard.

■ We decline to reach this issue, however, because the appellant's "failure to present this legal issue to the district court results in a waiver of that issue on appeal." *United States v. Carter,* 720 F.2d 941 at 945 (7th Cir.1983). As we noted in *Carter,* "it is a well-established general proposition that a litigant cannot present to this court as a grounds for reversal an issue which was not presented to the trial court and which it, therefore, had no opportunity to decide." *Id., quoting Holleman v. Duckworth,* 700 F.2d 391, 394–95 (7th Cir.1983). The reason for this rule is amply demonstrated in this case. A determination of Welsh's claim would require us to know if, and when, Welsh invoked his *Miranda* rights and what, if anything, Agent Lee said to Welsh about Rosa Jones. Because the appellant's claim under *Innis* was never presented to the district court, however, no findings were made on these disputed issues of fact. We cannot now resolve these controverted factual issues.

### B. *Sufficiency of the Evidence*

■ The appellant claims that the government failed to meet its burden of proving that he was in knowing possession of the stolen television set found in the search. In assessing the sufficiency of the evidence, this court must determine "whether, after reviewing the evidence in the light most favorable to the government, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original).

■ We conclude that the government presented ample evidence from which the jury could have found that the appellant was in knowing possession of the stolen property. First, the appellant was in possession of recently stolen property, a circumstance from which the jury might properly have inferred knowledge. *United States v. Johnson,* 515 F.2d 730 (7th Cir. 1975). The appellant also told conflicting stories about how he had acquired the stolen television. Agent Lee testified that the appellant had told him he purchased the television from a man "with a station wagon loaded with hot merchandise." Both Agent Lee and Officer Carroll testified that the appellant said he had paid for the television with narcotics. The appellant testified that he had bought the television from a couple who claimed they were getting a divorce. The appellant's possession of recently stolen property, his conflicting stories, and the unusual method of payment are sufficient circumstances for a jury to find that the appellant knew the television set was stolen.

### III.

For the reasons expressed above, the appellant's conviction is affirmed.