Into and for the Texas Supreme Court
And Justices thereof,At Austin
Of the State of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 30 2015
77,198-06
Abel Acosta, Clerk

In Re:

Alejandro Faris Gonzales
Petitioner-Relator.Pro Se

Versus,

Abel Acosta,chief Clerk of the
Texas Court of Criminal Appeals,
Justices(unidentifiable by white
card manufacturer)thereof,et al.,
Respondent(s)

§
§
§
§
§
§
§
§
§
§

Supreme Case#_____

RE:WR-77,198-06;Tr.Ct.#1152889

The Texas Court's Jurisdiction Is Invoked under The Texas Constution,
Relator's Original Extraordinary Application For A-Writ Of Mandamus
Relief Pursuant to Section 22.221 of the Texas Goverment Code,And Article
51.1,52.2,53(a)(1),(2),(3),(*4),(5)(A),(e),(f),(g),(h),(j)(1),(D),52.07-
(1),(2),(b),53.1,57        ,57,3,57.04,72.1(Tex.R.App.P);38.9(a) & (b),44.43-
(TCCP);**First Amendment** The United States Constitution,among other laws

**Let There Be Understanding,Now comes,Alejandro Faris Gonzales,**Petitioner,and as-
the **Relator** hereinafter,to state to the Honorable Texas Supreme Court and it's-
Justices that no statute or Constitutional laws preclude this Relator from fil-
ing **his** Petition of reddress of **his** grievances to this said Supreme Court's Ju-
stices,by way of Relator requesting to proceed with **his** petition for A-Writ of
Mandamus to correct,and enforce the laws of the State of Texas,as well as that-
of the United States of America,pursuant too the First,Fifth,Nith,and fourteenth-
Amendments to the United States Constitution of America.However,Relator's petit-
ion for a Writ of mandamus is to correct **Judicial** action / inactions by the trial
Court's acting habeas corpus judge or and its Clerks or other unidentifiable emp-
loyees ,and that inactions or actions extended to the Texas Court of Criminal Ap-
peals Clerk,-**Abel Acosta,**acting in his official capacity,as Clerk,(or if other -
John/jane does exist,One is not provided its name and Title) or as a recalcitrant
Clerk(s) whom has refused **to file properly executed documentation,**that clearly -
indicates Relator's Colorable claims of Constitutional and Civil rights violati-
ons,and trial Court's Judge's lack of subject-matter jurisdiction are none-waiv-
able issues,nor can those issues be forfeited,not even with consent of any Party
of interest,and therfore,must be acknowldeged of their presented contents on the
merits of each of four grounds of error of law .And thus,the Court of Appeals of
Texas-justices and or its acting clerk(s) have failed to file,docket,and proper-
ly **file for service of process his** writ of mandamus,and said clerk impederer(s)
is acting in defiance of the laws and her/his duties entrusted to him/her,as a-
Public servant not only to their said Courts,but to all people in general.Regard
less of their status as a convicted individual or unlawfully convicted,as your -
Relator sub judice-but said Clerk(s) OR AND TRIAL Court's judge have refused to-
         Relator's memorandum of law,attached to **his** habeas corpus application -
from[11.07,§3(b),(c),(d)(TCCP)],coupled with a writ of habeas corpus ad testific-
andum,and all additional counter-claims submitted by Relator,to the trial Court-
have been suppressed,with solicitation of wrong third Party intervention,Because-
the Clerk's or and judge's deviation from their Constitutional duties,is to pre-
vent and hinder any available **remedy** in the law and to pursue an effective legal -
remedy at that.But that person of interest,if it be **Abel Acosta** or an unidentif-
iable justice of the Court of Criminal Appeals is/are taking action or inaction-
denying Relator to any meaningful apportunity to petition the Superior Courts-
and thus,woun't have Relator's documents in the Court of Criminal Appeals,and -
Relator will present further reasons why the writ of mandamus is the only means -
to compel the said clerk(s) OR AND JUSTICE(s) TO COMPLY with the[ir]laws of the -
State of Texas,and that of the United States of America.to wit:

I.

A)        Statement of Jurisdiction has been Raised Above
and Summary of facts Upon Relator's Issues Presented
1.Inre.

Relator is invoking this Texas Supreme Court's and its justices Authority to Act in conformity with the laws of the State of Texas,along with the United States Constitution of America,pursuant to Aricle 5,§ 5A of the Texas Constitution,and Rules 51.1,52.2;52,3a(1),(2),(3),(*4),(5)(A),(e),(f),(g),(h),(j)(1),(D)-52.07(a),(1),(2),(b),53.1,57.2,57.3,57.4,-of the Texas Rules of Appellate Procedures for implementing the original proceedings in this said Supreme Court.as well as that of the Texas Court of CriminalAppeals.inwhich service would be also in compliance with Articles 38.9(a) & (b) & 44.43 Of the Texas Code of Criminal Procedure,and these provisions implementation will serve further satisfaction of the procription of law,as a cumulative means,-which can be synonymously in provisional joinder of laws-together to form a mass.In this regard,as if all attempts have been made for perspective and Declaratory judgment,to,enforce One individual's[Relator's]Civil and Constitutional rights,as established by Precedent and those laws that are guaranteed by both federal and Texas State's Constitutions.ie.,Texas Civil Practice & Remedies Code,Chapter 16 and 37;Article I,§§-10,12,13,19,& 29 of the Texas Constitution;as well as the First,Fifth & Fourteenth Amendments to the United States Constitution.By advancing his[Relator's] arguments that **he** has a vested right liberty interest in having **his** colorable - Constitutional and Civil rights violations claims heard and **his** issues presented under such cited laws and Precedent,**his** cases of claims should not be refused-as -if-denied by any one of nine particluar justices of the Court of Criminal Appeals,whom by notice on an unverified or unauthorized advicement or both, was delivered as of by **Abel Acosta**,an alleged Clerk to the Court of Criminal Appeals.A white card with **no justice**,nor that **alleged** Clerk endorseig such flawed & **faulty advice**ment form or card.In fact,no evidence, or reasoned argument to - support either factual findings required for an Opinion or judgment deniel.First and foremost;2nd-"no signatures of at least five judges who tentative**ly believed**or disbelieved the said mandamus Case should have been filed,-if not set for submission,then handled and disposed of inaccordance to what rule ? &:non indication such false denial was issued **'per Curiam'**,as every authentic and certified-letter-'inwhich in a Civil action,a single justice should not act on a PETITION-for an extraordinary Writ [n] or dismiss or otherwise determine an appeal or a-MOTION FOR FOR REHEARING.See Tex.R.App.P.R.10.04(a)(1) & (2);Cf.R.12.2(a)(1) &--(4);12.6-said fictitious white card is not a notice of any Opinion,order,nor - judgment of that Texas Court of Criminal Appeals.And a-white card only a notice-to the Applicant-Relator,contrary to that every Party of interest be implicated-in the Proceedings at bar".Id.

3rd) The void white Card fails too indicate whether it was designated as"**CV**"-or "**CR**"-in fact there is no indicator when the fictitious person's advicement of - denial was rendered upon a judgment or Order was signed,dated and entered as - such Opinion 's presentation; [n]-or no affirmance of the lower Court(s) order,judgment or Opinion in whole or in part.ie.,R.43.3(a); 4th)-the whit card-

2.Inre.

boilerplate= usage is an illegal standard type language identical in very lim ited,content and form-as with Relator's alleged dismissal of his received and- so-called presented-[but not filed for docketing,& processing of service]-to the- Court.See case#WR-77,198-05-refused on a false premise under 11,07,§§(a) & (b)- (TCCP)-The Truth of the matter is Relator's Application/for a Writ of habeas Cor- pus was presented with issues of those that fall under § 4(a)(1) & (2)-'in that Relator's claims of grounds of errors of law did contain that"by more than a pre- pondence of the evidence]-had it not been for the trial Court's judge's,Prosecut- ing Attorney(s),and defense Counsel's breach of fiduciary duties,those violation- s of the United States Constitution would have been caught on time to have been - corrected prior to the unlawful trial.and thus,no rational juror '[ ]'ould have fo- und this Relator[defendant by deceptive fraud practice]guilty beyound a reasonable- doubt-Thus,Relator's factual legal basis were miscontrued or suppressed as an op- eration of law,and therefore,could not have been reasonably formulated from any - final decision of the Court of criminal Appeals-justices,nor of any Court of App- ellate jurisdiction of the State of Texas on or before 5/23/2014;nor 6/11/2014.- nor prior to this cause of want of mandamus,filed on or about 3/9/2015,so as to - correct the lower Court's [justices or] Clerk'(s) inactions or actions to deny - access to that Said Court of Criminal Appeals of Texas.CONTRARY to **DeLeon V.Dist- rist Clerk,Lynn County,**187 S.W.3d 473,474-75 & n.1-5(Tex.Cr.App.2006),in part:

"The requirement of [A]clear Legal Right necessitates that the Law- Plainly describe the duty to be performed and such that there is -

no-room for execise of discretion".Id./...The **Clerk** has a duty to accept

an Application under 11.07,§ 3(b)(TCCP),and file an Applicant's Case submitted on material paper.But when the Clerk(s) merely receives a full petition and does not file such liberty interest petition of need reddressing,then there- is no provisions for an appeal concerning that said Clerk'(s) refusal to perform- her or their ministerial[fiduciary] duty,and thus,such inability for Relator,has left **him** with noadequate remedy,and **his** Constitutional violations claims are be- ing passed over.Wrose yet,said Clerk(s) or and trial Court's judge,have refused- to acknowledge their receiving Relator's memorandum of law,along with **his submitt- ed** 11.07 form-Application,as wellas the exhibition attached to said Writ as a- whole informative communication to that trial Court.In which,said Writ as A whole was furthered moved with Relator's *Compulsory* Counter-Claims against illegal third Party intervention,by such trial Court's solicitation to the wrong Party Respond- ent(s)...The RESPONDENT(s),as the Texas Court of Appeals has also closed its Cou- rthouse doors,-plus closed a blind-eye,and its deaf ears,to why your Relator had submittedin his original request for a writ of mandamus in that said Court.To obta- in such a-want-of-mandamus relief in compelling the trial Court's judge and or its Clerk's to perform its/their duty to act upon the Relator's proposed complaints- of **his** unlawful and illegal confinement and restraint of **his** liberty,-under an - unlawful conviction,based on a fraudulent indictment that was used to try your - Relator,pursuant to Cause#1152889.Thos issues are plainly and clearly pleaded in

3Inre.

his grounds of error of law submitted in his Application for habeas corpus-relief as a matter of law and justice.In which the Texas Court of Criminal Appeals "did not,even though it's special duty and obligation to first and foremost to acknowledge and satisfied itself or their own jurisdiction,before it or - they made some kind of dtermination,and on what was their determination based - on ?",'if ineed in this case sub judice there was,as is no arguable basis for- the lack of subject-matter jurisdiction in either the Trial Court or the Court - of Criminal Appeals of Texas,when the trial Court's/judge's judgment is void ab-inition;but said Appellate Court's justice(s) also had a special obligation to - satisfy itself that of the lower Court's subject-matter jurisdiction,in cause#-1152889-the trial Court's void cause of complaint number,and the trial Court's ficitious case#WR-77,198-05;then the Appellate Court's Case#WR-77,198-06.Which - said cases are the cause of Relator's want of review,insupport for his pleading for jurisdiction...However,even though no Part would have coneded one or the other had or did not have jurisdiction,the Court of Appeals had an abligation to - nonetheless determine the [legal] matters sua sponte,and that extended to check-ing the trial Court's record *shown and* reflected and disclosed that that tr-ial Court and its judge,was,as still always, will be,without jurisdiction,and - [t]hereby,this Texas Supreme Court and it's justices have original or and concu-rrent jurisdiction with the Court of Criminal Appeals of Texas,as permitted by - law under Rule 52.1(Tex.R.App.P),and and 22.221(b) of the Texas Government Code,to issue the writ of mandamus against Abel Acosta,the[ir] Clerk or and the justices of the lower Court,who refused t acqurie its Own jurisdiction,pursuant Art.5,§5A of the Texas Constitution,on Relator's appeal to the[justices],for co-rrecting the errors of law cited as grounds presented upon his Writ of habeas - corpus issues submitted,but Relator's appeal was for their purpose of correcting such errors of law,but only for a dertermination of the merits of each of four gr-ounds of Constitutional and Civil Rights violations-that he raised.Deleon,187 S. W.3d at 474-75;State Ex Rei Hill V.Pirtle,887 S.W.2d 921,926,N.1-2(Tex.Cr.App.19-94),citing,Callahan V.Gilos,132 Tex.571,155 S.W.793;at 795(1941).So as to say:

The issuance of the Writ is never a matter of right but rest instead in - in the sound discretion of thi[s] Court"Ibid...

Cf.Gentrv V.Banser,(Cir,App 1893),2 Tex.Civ.App.388,21 S.W.569;

In part: "WHEN AN ANSWER SETS UP A WANT OF JURISDICTION IN THE COUNTY COURT TO HEAR THE CASE INDISPUTE,THE COURT -

has the power to hear evidence and determine it's - Own Authority to try the [subject]-matter;it is not-material in such a case whether the facts showing want-

of jurisdiction-appear in the answer or inthe petition"Id; "it is essential to-the validity of the judgment that the pleadings affirmatively show that the tri-al Court had jurisdiction of the subject-matter".e.q,Walker Mercantile Co.v.J.R.-Roney CO.(Civ.App.1912),Schlobohm V.Schapiro,784 S.W.2d 355,356(Tex.1990),cited in Carlisle V.Bonnett,801 S.W.2d 589,588-89 infra(Tex.App.Corpus Christi 1990), in part: "The Texas Lpngarm statute authorizes the exercise of the State Court's

4,Inre.

jurisdiction over-non-residents-who-do businnee in this State,and **One** is doing business within the State.'if'the **contract** is to be performed in whole in - a State".Id.And see Texas Civil Practice & Remedies Code,Ann,§§ 17.041-17.042... is consistent with federal and State Constitutional guarantees ;the Longarm Statute is construed to reach as far as the federal Constitutional requirements of-due process  of law,as will permit".Id.and at **Schlobohm**,784 S.W.2d at 357.Thus, this"Texas Supreme Court has adopted over tweenty years ago,a three part formula-to **ensure** that the exercise of [a] specific jurisdiction complies with the federal Constitutional standards".Id.

B)  Grounds for De novo Review or Writ of Error Implentation:

The Texas Court of Criminal Appeals justice(s) or and its Clerk(s) have abuse - their or hsi/her authority(s),such that exceeding their discrection is,individually or singly,is fsiling to comply and obev mandatory laws and have continue to intentionally fail to file none-waivable or forfeiture Jurisdictional ann Constitutional violations claims against State Prosecuting Attorney(s) and trail judddge,as Officials - who must be notified of their legal deficiencies -which includes and involves the trial Court's jurisdictional defects.Hence,the only possi-ble is that the said Appellate's Court's Clerk(s) [**Abel Acosta** or his associate-**Sian R.Schilhab**,General Counsel] are instructed by their,his,her superiors to deny Relator access to said Appellate's Court's recourses in law-but refuse[d] to-record Relator's documents entitled " 11.07,§3 (a),(b),& (d)(TCCP),along with -his memorandum of law attached as a separate breif insupport of said 11.07 application; including Relator's Applicant's Counter-Claims,Compulsary Counter Claims;motion for Suspension of Rules per-Rule 2(Tex.R.App.P.).Incorporated herein-by reference *unKnown* whether trial Court transmitted such formulative documentation/ transcript of all pertinent papers under cause#1152889-to the Texas Court - Criminal Appeals,pursuant to 11.07,§1,& §3 (a),(b),(C),(d)(TCCP)-in part:

"And that **Clerk shall** assign the application to that trial Court'-When the applicationrto that received by that Court,**a writ of habeas Corpus**-is returnable to the Court of Criminal Appeals-SHALL issue by-Operation of law"..'then that said Clerk **SHALL** make appropraite notation-thereof,assign to the Case a file number[**ancillary** to that of the Conviction being challenged!,,and forward a copy of the application by certified mail,return-receipt requested,or by personal service to:**The Repondent**(s)-Representing the so-called State for that trial Court and its convicting Judge'-,'Who[**Eddie D.Baker** the Custodian of record-i.e.,352 F.3d 695,709;124 S.Ct.1353,at 1358:& 365 F.3d - 292,at 300-02 & n.4-5 infra]-**SHALL** answer the application not later than 15-days-after the date the copy of the application is received".Thus,none of these procedures were followed,as the trial Court's habeas Corpus judge acted with out refer-nce to any guiding principles,rules of law-'for the facts presented in Relator's application for a writ of habeas corpus;or **if** that faulty process of service was administered by an unidentifiable Court's Clerk or said Clerk,have or has rendered decisions that are clearly antihetical to the concepts set forth in the[ir] -

5.Inre.

fiduciary duties and obligations to performing,pursuant to it's/their filing-an **Oath** of Office,-with the Authority of the law,so as too public acquiescene - to be within the realm of Constitutional laws authority to do ministerial acts-in accordance with Article 16,§ 1 of the Texas Constitution,but said Sworn to-**Oath** must be to the Texas State Controller's Office of Public Accounts(that he or she was qualified to receive compensation of the Texas Poeple tax dollars)-Inwhich,said **Oath** is a requirement that must be with the **Secretary of State of-Texas**-for Officails to take such **Oath** as a Constitutionally required **Oaths**.Even-Further-more,since 1989,said Texas Constitution's Article 16,§1-was amended to include a secound required **Oath**,which included an entiltled proviso,as:

"**Anti-Bribery Statement**",..Id.See also **Etchison V.State**,51 S.W.3d 844,-846(Tex.App.-Waco 2001)(citation in original);Cf.**Sutherland V.DeLeon**,1 Tex.270-"as it pertains too judges "Id;Cf.**Prieto Bail Bond V.State**,948 S.W.2d 69(Tex.App.-El Paso 1997);**Wilson V.State**,977 S.W.2d 739,supra(Tex.Cr.App.1998);**Prieto V.-State**,978 S.W.2d 574,supra(Tex.Cr.App.1998);994 S.W.2d 316.supra(Tex.App.-El Paso 1999,pet.ref'd)(ADA's filed brief of 160 pages[PDR] refused around 5/2000,to the Tex.Ct.Crim.App.);Cf.Tex.Gov't Code,§§32.302(d);601.008:659.012 & Chapter - 666;Cf.Rules 37.1 & 37.2 et seq(Tex.R.App.P):Cf.18 U.S.C.§1621...To wit:

"Whoever,having taken an **Oath** before a competent tribunal,Officer,or person,in any Case in which a law of the United States authorizes an **Oath** to be - - administered,willfully and contrary to such **Oath** states or subsribes any material matter which **he/she** does not believe to be true.is guilty of perjury and - **SHALl** be fined no more than $2,000.00 or imprisoned not more than five years or both"Id...However,ignorance of the law is no excuse for any mistakes or wrongful acts by either a Court's judge or and its Clerks.See also **Whiteside V.U.S.**,-93 U.S.247.12 S.Ct.1,10.3 Otto 247(1876);Cf.**Buckholtst S.D.VGlaser**,632 S.W.2d - 146,148(Tex.1982).The State Court'(s) Clerks,even their deputies have specific-performances,as acts intended to be within their contracts or instruments of con-tracts-OATHS OF OFFICE legally assumes that,when an Official signs an Oath,**he/she** signs a contract to duly exercise the powers of Office within limitations of **The**[ir] Constitution and the laws-in practice...These laws implicated are appliable to indigent inmates [as Relator] confind in an Institution of Correctional Divisions contracted under the Texas Department of Criminal Justice,and without-Costs to the Petitioner/Applicant,under Rules 20.1 & 20.2(g)(Tex.R.App.P);R.73.1-(b);Cf.R.31.1 & 31.2 et seq(same provisos in accord with Title 28 U.S.C.§1914(a)-There are no filing fees for Writ of habeas Corpus petitions filed by inmates in-either State of Federal Custody;and the Court(s) may effectuate process of serv-ice by the United Staes Marshal,or State's Agent **specifically** appointed by the-habeas corpus Court's judge for that purpose-authorized under proceedings of in-forma pauperis,Such as serving all summons and complaints upon Respondent(s) &-or d fendant(s)-who may or may not waive a legal and proper summon's or if **S/he**-

objects to venue or jurisdiction of the Court over the Person(s) or and subject-matter [sub judice !],then a challenge is by a general appearance,if not a special appearance-but that fact is whether or not said Respondent(s) accepts service of process, or and entering an appearance to challenge such method of service.See **Baker V.Monsanto**,111 S.W.3d 158,161(Tex.2003);Cf.**Kawasaki Steel Corp V.Middleton**,699 S.W.2d 199,203(Tex.2203)."Before undertaking a motion/Writ of this kind,as notices of these said laws are critical to this Claim of Claims.Relator believes,with reason to believe,that there must be a scienter,meaning that *refusal* to file,docket this case sub judice,and enter the proper process of -procedures for servining such Claims,the wrongful conduct was knowingly committed,not inadvertently or unintentional.Advance knowledge of this case law(s)-[as that authoritive case laws that appear in Relator's memorandum of law submitted insupport of **his** Writ of habeas corpus]Podded the complainted of herein above and should provide the element of [a] scienter(s).Especially,since **Rifian Newaz** and **Andrew J.Smith** were third Party interveners that were served by the -said trial Court's Clerk(s) or and judge,rather tan(formerly Todd A.Foxworth)-the Custodian,senior warden of the Mark Wayne Michael-Prison Unit( located in -Anderson County Texas),and said illegal third Party interveners were served and answered on the stationary of the State Of Texas,'as Respondents for Mr.Foxworth,so to to avoid and not address the legal questions sub judice,This said wrongful conduct is describing with particularity.Absent exceptional circumstances, the trial Court's Clerk,or and judge are jointly responsible for violations **committed** by the Prosecuting team,and now it existants to the Texas Court of crimin 1 Appeals justices or and their Clerk-**Abel Acosta** and or **Sian R.Schilhab**,an alleged General Counsel(ph:#512.463.1597)-whom jointly or individually have abrogated Relator's affidavit of Truth,attached too **his** habeas corpus application,-with all other instruments of law submitted,and that impediment to their subposssition(s) with the Appellate Court,extends to **his** last resort of a writ of Mandamus also denied against judge **Joan Cambpell or** and her Clerks or trial clerks who have deviated from inherent principles of the rule of Law,as well as their -deviation is/are made outside of the[ir] guidelines without any explanation why **The** Clerk or and judge willnot implement the guidelines of the scope of the[ir]-Writ of habeas corpus,and the Appellate Court's Clerk,et al,will not file,docket,and process Relator's submitted Writs to that Appellate Court's justices,so they may duly consider whether or not Relator has no other adequate remedy to -cure such trial Court's Officers defective process of service;inwhich Relator-is the **Aggrieved Party of interest**,as the result of said manifested-ministerial act or inactions.i.e.,Art.11.23(Tex.C.C.P.);

"The Writ of habeas corpus is intended to be applicable to all such Cases of [unlawful]confinement & restraint,where there is **no-lawful-Right in the Person** exercising the power,or where,though the power - in fact exists,it is exercised in a manner or degree not sanctioned-by law".Id;Articles 11.01;11.02-'**The Writ** rans in the name of the State-

of Texas'-It is addressed to a person having another under restraint or **in his Custody**,Art.11.03-Want fo Form: "The Writ of habeas corpus is not invalid,nor-should **it** be disobeyed for want of form",11.04-"Every Provision relating to the-**Writ** of habeas corpus **SHALL** be most favorable in Order to give effect to the-remedy and Protect the rights of **Person** seeking relief under it",Id; 11.05-"By-Whom Writ May be Granted:(said Courts,judges) have the power to issue te writ;-11.14: 1) Reqisities of Petition:That the Person for whose benefit the [A]pppl-ication is made **is illegally restrianed in/of his librty**,and by whom,naming bo-th Parties,etc;2d)(citation omitted);3d) "When the confinement or restrianed by-Virture of any writ,Order or process,under color of either,a copy **shall be** ann-exed to the petition(in which Relator had done);the petition may state only th-at the Party is illegally confined and restrained of **his** liberty-!Id....

criteria 4 & 5 were rules met by Relator,to show that the writ of habeas corpus is upheld by said proceedings under the Writ's requirements and are jurisdicti-onal ,and therefore,the Texas Court of Criminal Appeals and its judges could -have entertained Relator's writ of habeas corpus or and **his** Writ of mandamus to-have invoked its supervisory power to compel the trial Court's judge or and its Clerk(s) to afford this Relator alternative access to their Court's particular jurisdiction-to engage in rendering legal actions against those trial Court's -Officers,etc,inactions to implement laws under 11.07,§3(a),(b), & (d)(TCCP);§4-(a)(1),(2),(b) & (c);§ 5 et seq,and thus,since the trial Court,judge erronrous-ly,unreasonably and irationally failed to propose its findings of facts and con-clusions of law,and its Order[it] never showed Relator that those Court Clerks assembeled a complete set of the Writ's papers attached as a separate Applicant-'s proposed findings of facts and conclusion of law,with their attached Order,as well as their attached exhibiation of indictment(s)/**fraudulent** indictment(s)-among other exhibitation in support of **his** claim of void judgment rendered by -the trial Court's judge,ab initio...And deficiency which deprivation *of Relator's* right to petition the Courts,is a violation of **his First Amendment rights** to -the United States Constitution,as those Court Officials denied Relator **his** rig-hts to petition the Government for redress of **his** grievances.Including,but not limited too Article I,§ 9,Clause 2 & 3-which directly prohibits suspension of-the Grate Writ of habeas corpus;Cf.Art.11.16.11.23,11.30(1) to (5),11.31 & 11.-32;Cf.Art.11.34,11.35,11.36 & Art.I,§12 of the Texas Constitution;Art.11.07,§3 (b)(TCCP),and the only legal proper Respondent(s) with respect to the writ of -habeas corpus petition is the person who has custody over the Prisoner-Petiti-oner and jurisdiction of the issuance of the Writ lies with the Texas Court of Criminal Appeals because the trial Court/judge loses its juisdiction over the -Cause and Party(s)-Person(s) of interest after 30-days,and thus,the Texas Court of Criminal Appeals retains original or competent jurisdiction over the Cause and Person-Prisoner-Relator,as the trial State Court *serve* must serve the legal-Respondent(s) named in Relator's petitions for a writ of habeas corpus.**Hamidi**

8.Inre.

**V.Rumsfeld**,542 U.S.507,124 S.Ct.2633,159 L.Ed.2d 578(2004),8,272;**Padilla V.Rumsfeld**,352 F.3d 695,at 709;124 S.Ct.1353,at 135892004).THEREFORE the writ of – does not act upon the **Prisoner** whos seeks relief from false imprisonment but up – on the **Person** who holds illegal Custody of said **Prisoner**,the witness Custodian – of record–**Eddie D.Baker,**and thereby,the STATE Texas Court of Criminal Appeals – has original jurisdiction over RESPONDENT,**E.D.Baker,**as said Appellate **Court and** this Texas Supreme Court have concurrent jurisdiction or exclusive jurisdiction – to hear the mandamus petition(s) relator has proposed while **he** is held at the –

**Mark Wayne Michael Prison Unit** ...HENCE,EACH OF THE LOWER COURTS HAVE REFUSED & failed to file,docket and have process–ed Relator's legal said petitions and th– has led to Said Court's failure or refusual to consider Relator's primary argum– ents asserted:

"There Is No-Extant True Bills Of Indictment.thus,the trial Court,

and judge lacked-subject-matter Juirsdiction,for Void Judgment/sentence." That void judgment issue presented is Relator's error of law-Ground One.Inwhich is an issue presented [t]herein,and intertwined with many United States Constitut– ional errors of law,as wellas statutory procedure errors of law-that explicitly – illustrate subtitles as:"

1) "Issues related are founded on Abuse of the Grand jury system."

2)Prosecutorial malfeasance,under Cause#1123228,morphed into Cause#1152889." These void causes of action are dated/prepared 2/3/2008;(O/R:#92527607;CJIS Trac– king#038450087-D∅01;D.A.Log#1365189-By:RN DA #[none provided];also see as incorp– orated by reference hereintoo,trial Court's record(CR) Vol.1.pg,9,falsely imply– ing One,ALEJANDRO FARIS GONZALES WAS legally or properly indicted und r said Ca– use(s) and citations,on 9/18/2207; or if no-Bills returned.the Grand jury was ne– ver reassumbled.i.e.at page 6(A.F.G.-titled on every page's bottom).The issue pre– sented extensively implicates the prosecutors used a set of fraudulent indict– ments to secure an unlawful conviction.**Hamilton V.McCotter**,172 F.2d 171,183-84- (5th Cir.1985).Thus,this issue of void judgment is just one of the **myriad** of fac– tors this Court should consider,as these claims have never been considered,and never raised in prior Writs of habeas corpus."Especially,since the lower State – Courts or their Clerks [?] decision(s) were not previouslv founded by ascerati – on of law,nor by-law,and has not amounted to the requisite consideration of this relator's Constitutional violation claim(s) raised in **his** habeas corpus and or – writ of mandamus to proclude this Supreme Court's justices ,especially when Rel– ator's want of mandamus relief is an action initiated to regain[recover damages]- for the unconstitutional incarceration ,will not accure unles or untill Relator prevails in this mandamus action,as **it** is not res judicata in nature.see**Brown V.- Edwards**,721 F.2d 1142,1448(5th Cir.1984);**Rooding V.Peters**,92 F.3d 579,580(7th Cir. 1996)(same principle);**Mosely V.Wilson**,102 F.3d 85,91(3rd Cir.1996) & similar sit– uated inmate's case is **Hiser V.Franklin**,94 F.3d 1287,1290–92(9th Cir.1996)(inma– tes § 1983 claims stating[as in Relator's case herein]denial of access to the ––

Courts not barred by collateral estoppel or res judicata,where Constitutional-Violations Accured after **earilar** litigation and subsequent judicial decisions held some circumstances prisoners have a Constitutional right to photocpies-of legal documents),cert.denied,17 S.Ct.1106(1997);Cf.**Fields V.Sarasota Manatee Airport Auth,**953 F.2d 1299,1306(11th Cir.1992),"suit not barred by res judicata,when claim brought after nearly identical State claim defeated".Id... Cf.**Walker V.Packer,**827 S.W.2d 833,840(Tex.1992)(broadly explaing when a Relator is and isn't required to satisfy this requirement).

II.A.
LACK OF A-LEGAL REMEDY TO APPEAL ANY OF THE ISSUES PRESENTED IN THIS [WANT]-OF MANDAMUS PROCEEDING-IN THE LOWER CRIMINAL COUERTS,YET CIVIL ACTION:
One of the Two burden charged upon thi[s] Relator in seeking **Mandamus** relief-in this Supreme Court is to show that **s/he** lacks a remedy,of right to appeal -[**his**] issue(s) subject to the initiated mandamus proceeding.**Walker V.Parker,**827 S.W.2d at 840-41 **& n.8;citing** varieus cases,including **Hollaway V.Fifth Ct.-of App,**767 S.W.2d 680,684(Tex.1989).

Relator's present mandamus proceeding presents two - main Claims:
1st)under the faulty and fatally defective Clerk's or justices advisement that [a] Court has denied motion for leave to file[as submitted] the original application for writ of mandamus to correct judicial action that is clearly Contrary to well-settled law,law that is/are derived from various statutes and Constitutional Provisions,rules of law,and Opinions of the[ir]superior Courts,apart from the[ir] Own Precedent.Ibid.See also **U.S.V.Short,**181 F.3d 620,at 624(5th Cir.1999)(citation inoriginal);Cf.**Womak V.Berry,**156,Tex.44(1956),"mandamus -is designed to command a judge,among other aspects,to rule upon a properly submitted[filed]mothion within a reasonable time".Id;cf.Rules 37.1 & 37.2,& 37.3(a)-(1),(2);38.2(b)(1)(A),(B),(2)(B);52.1,52.2;52.3(a) to (j)(2),id.at (e) & (j)-(1)(D);52.7(a)(1) & (2);53.1;54.2(a) to (b);54.4 et seq;55.2(d) & 55.5-"Reliance on prior brief".id.

B) 2nd) As the White card indicates,advisement of denial to file motion for leave to file a mandamus petition is legally impossible,as no signatory endorsement appears *to* affirm a final judgment or some type of Order,since it is a mandatory duty and requisite,of all trial judges setting or presiding in a Courte of law to only render such judgment *where* the defendant(s)/Plaintiff(s) or Parties of interest to be duly served process of service and proof therefrom provided to all said parties,with such legal services of process,Based on the newer-discovered evidence of void judgment of the trial Court and issues of fraudulent indictment under cause#1152889-derivative of#11223228[related citation under #903 8450087-D001-TRN-the alleged icident codified numbers that morphed into the-fraudulent charges that the Court of Criminal Appeals has declined to open **it's dors** to duly consider those claims submitted to be heard on their merits,and [t]-herein,the the Appellate Court's officer(s) were conscious of the trial Court's abuse of authority for constructively denying Relator access to that Court,and said Appellate Court's Respondent(s) has sanctioned a departure from the accep-

ted and usual course of judicial proceedings and in doing so merits this call for an exercise of the Texas Supeme Court,justices power of supervision-as if to implement Texas Government Code,§ 22.221(b),with Rule 66.3(b),(c),&-(d) & (f)(Tex.R.App.P.)-Because no Court of Appellate jurisprudent instructs their/it's Clerks to refuse or denying an inmate falsely imprisoned,**his** right to have **his** petition for reddress of **his** grievances to be filed,and entered into the[ir]Court's(s) docket,for due consideration.Thus,the Criminal Court of - Appeals has misstated facts on Petioner's[Relator's] habeas corpus petition on or about 6/11/2014,when **it** unreasonably induced or suggested to deny,assuming-argunable ,a decision that is evidently contrary to,-or-'a decision to deny filing Relator's pleaded petition for a writ of habeas corpus,and a subseqent - Writ of mandamus was denied without a written order-upon the motion for leave-on 2/18/2015(received on 2/23/15),which involved an application of,clearly established federal law and federal rights,as determined by the United States Supreme Court]'s-justices];as well as the Fourteenth Amendment,Clause 1,to the United States Constitution,and were decisions based on an unreasonable determination of Relator's presented facts[found] in light of **his** evidence proferred-as presented in the lower State Courts-proceedings,but never actually heard or considered by the Trial Court,nor the Criminal Court of Appeals.Thus,Relator's rejected questions of law and facts were never adjudicated on their merits in-the lower said Courts.Inwhich dismissals,refusuals or authorized denials are assumed decisions that are clearly antithetical to the concepts set forth in the-Declaration of Independence and the Constitution(s) as the **Founding Fathers**[havav]understood and [had] expounded them-"**Publish**-interpretation of laws and promulgate-d rules based on those interpretations,and [t]hereby said Respondent(s)-have violated not only the[ir]Sworn Oath to Office,and to defend and uphold the Texas Constutution,as well as the United States Constitution of America.See **Kitchens V.Johnson**,190 F.3d 698,700(5th Cir.1999);**CF.Cramer V.Sheppard**,176 S.W.147,-140 Tex.271(Tex.1941)(statutes cannot over ride the Constitution);Cf.**Colden V.Alexander**,171 S.W.2d 328,141 Tex.134(Tex.1943)(held that an utterly **void** Act[Bill] can have no effect to accomplish anything);**Hudson V.Palmer,supra**,"that establishes inmates should not be denied access to Courts as a result of their Status;§§ 14.008 & 14.012,Tex.Civ.Prac, & Rem.Code; but said lower Courts/Respondent(s) implied decision(s) conflicts with **it's** own precedent,and that has led - to(incorrectly)apply governing legal rule from[State Courts Precedent] cases,as well as applying procedure sanctions to Relator's issues of facts and law of[t]-his particular Case of rights violations sub judice,and thus,Appellate Court's Respondent(s) has waived its duty to consider and decide on impartant questions of State and federal laws in a way that conflicts with the[ir]applicable decisions previously made under precedent and appears to have misconstrued [a] statute(s),rule(s),regulation(s),Ordinance or and the Constitution of the State of Texas,and the United States.e.g.,**Continental Coffee Products CO.V.Cazarez**,937 -

11.Inre.

S.W.2d 444,449,n.2(Tex.1996),"Subject-matter jurisdiction cannot be presu-
med and cannot be waived".Id;**Latana V.Hopper**,102 F.2d 188;**Chicago V.New York**,37-
F.Supp.150:Citations are expressed as:

"COURTS MUST PROVE ON THE RECORD,ALL JURISDICTION facts related to the-
Jurisdiction asserted",Id...And the Law requires proof of jurisdiction to-
appear on the record of the administrative agency and all administrative proce-
edings."Once jurisdiction is challenged,cannot be assumed and **must be decided**;-
and **it** must be proved to exist".**Maine V.Thiboutot**,100 S.Ct.250;**Hagan V.Lavine**,-
415 U.S.533;and there is no discretion - to ignor lack of jurisdiction.**Joyce V.-**
**U.S.**474 2d 215.."The burden shifts to the Court to prove jurisdiction".**Rosemond**
**V.Lambert**,469 F.2d 416;**Cazarez**,937 S.W.2d at 449,n.2;"Lack of subject-matter ju-
risdiction makes a judgment **void** not just voidable".Id;**Mapco V.Forrest**,795 S.W.-
2d 700,703(tex.1990)**;New York Life Ins.CO.V.Brown**,84 F.3d 137,142-43,& n.16-17-
& n.10-12(5th Cir.1996),in pertinent part:

"Under **OUR** system of justice,the **opportunity** to be heard is the most
fundamental requirement';'The fundamental requisite of[l]egal] due
process of law is the opportunity to be heard!Id;**Ruiz V.Quarterman**,504-
F.3d 523,527(5th Cir.2007)(same);Cf.**Davis V.State**,227 S.W.3d 733,736,n.1-3(Tex.
Cir.App.2007)(lack of subject-matter jurisdiction,rendered **Void** judgment,for -
document[indictment's invalidity]not purporting to be a valid charging instrum-
ent).The Respondent'(s) to the Court of Criminal Appeals refused to file,dock-
et,and process for sevice Relator's primary Argument,Ground One error of law,--
"that the Trial Court,and it's trial judge,permitted the prosecuting team to  -
use their own unauthorization and their own version of a Grand Jury Panel's
indictment,under cause#1152889(derived from#1122328;O/R:"92527607),and thus,-
committed fraud-upon-the-Courts,and therefore,rendered a void judgment".Id...
C)"Whether there is no final judgment in this cause of action sub judice ?"...
and does the Court of Criminal Appeals or and trial Court's records reflect a
**Final Judgment** was signed and entered on any particular day ?.Including,but not
limited to,"do any decision exist to express any of 3 or 6[sic]jusictices decla-
red -'FOR THE REASONS SET FORTH IN THE COURT's'memeorandum and order  of APPLI-
CANT'S Petition for a Writ of habeas corpus is DINIED"..."This Is A Final-
Judgment"...Signed on this___day of ____2015 [or 2014 ?].There was,as is-
no indication,as due process of law mandates a notice,to Claim,"This Case was -
brought[came]on for consideration by the said Appiellate Court/Respondent(s),&
the[relator's]issue(s) duly considered and a decision duly rendered;It [was]is
**ORDERED,ADJUDGED and DECREED that** the Habeas corpus **petition**[or Writ of madamus]
id Dismissed:for whatever reason; There is no indication when said WRITS were -
entered on either trial Court's or and the Appellate Court's docket,pusuant to-
a certain Tex.R.App.P.,and subject-cause had **previously been refered** and **presen-**
ted to the justices thereof.Hence,with so many defectives in procedures at the-
trail level,and carried on to the Appellate level,-well issues of fact were not-
Contsrued liberally in Applicant/Relator's favor,nor taken as true,pursuant to -
Rule 38.9(a) &(b);**Mendian Resourses Inc.V.Colley Gin Co**,430 S.W.2d 372,supra----

11.Inre.

(Tex.1968)(Because both transcripts and statement of facts must be timely-filed to confer the jurisdiction on the Appellate Court)(State Civil Codes-ited above).

D)                    **Liberal Construction Prayed For**
It is requested that this Application for a Writ of mandamus be constuct We/Y required in **Hains V.Kerner**,404 U.S.519,92 S.Ct.594(1972);**Johnson V.McAdams**,781-S.W.2d 451(Tex.App.1989);Rule 38.9(a) & (b)(Tex.R.App.P).Because Relator's leg-al aid is sui juris,and [We] both contend that he is a layman,unskilled,and -not experience enough in the drafting of writs,formal legal pleadings,or error-s of law,under applications of law in general,and may be [t]herein entitled to-less stingent standards than formal pleadings drafted by professional lawyers".-Id...And,because briefs are meant to acquaint the Courts with the issues in a -given case and to present arguments that will enable this Court to decide this case,substantial compliance with this rule is suffient,subject to criteria un-der (a) & (b).Ibid.

E) A the white card is wholly and expressly said to be fatally defective,subject-cause has no evidence that any particular justice(s) of the Appellate Court had not themselves agreed upon its rationle,so that the[ir]basis of the white card was not,or is not merely undiscovereble -but none-existent advisory;and such -denial to the Courts implications means said denial without a written order -does not constitute a [ny] decision on the merits-by applying a presumption th-at when **A-FEDERAL [CONSTITUTIONAL] Claim** is denied without explicit reliance -on State grounds,the merits of the **Federal Claims** are the basis for the hypot-hetical judgment.Inwhich,the **Supreme Court** of the United States has disapproved of any doctrine of hypotethical jurisdiction,as **it** produces nothing more than -a hypotethical judgment-which comes to the same thing as an advisory **Opinion.** See **Steel CO.V.Citizens For A Better Env't**,523 U.S.99.100.101,118 S,Ct.1003,10-07,1015-1016,& n.9-10(1998);Cf.**Ylst V.Nunnemaker**501 U.S.795,797,111 S.Ct.2590,-2593-94,2595,& n.2,5(1991),cited in **Cone V.Bell**,129 S.Ct.1769,supra(2009)(same point of void assumption of claim's consideration)(ciation unavailable);and cit-ed in **Williams V.Cllins**,802 F.Supp.1530,1533-35, & 1338-1344(W.D.Tex.) whether-the Appellate Court had actually considered and ruled on the Petitioner's Clai-ms of defective indictments,& ineffectives counsel;issues compounded by an eval-uiation of whether the State Courts ruled on an adquate and independent State-ground or whether a State procedure bar should apply ?,as in this Case Sub ju-ice,there is no such **State Court's** findings in the present Case".Id.at 1333-34,-& 1338...Thus,in Order to determine whether the hypctethical Order or judgment shoutd be reviewed only as the Appellate Court's decision,not it's result,with-out any reasoning,nor written opinion,assuming arguable,because **Respondent(s)**-found it had no jurisdiction,and therefore,S/he could not consider ,Order and-Adjudged,that the verdict findings of quilt [t]herein **Shall** not be final,that-no judgment be rendered thereon;and found that the instrument[indictment] did-

12.Inre.

not show the defendant[Appellant] was not adjudged to be guilty or punished as was required by Art.42.1 et seq;and thus,there was no final judgment from which Appellant could appeal.**Mosqueda V.State**,936 S.W.714,716;citing **Savant V.State** 535,S.W.2d 190(Tex.Cr.App.1976).Moreover,jurisdiction of a Court must legally be Invoked,the power of the Court,in a felony Case is derivative of the valid True Bills of indictment,as **it** is essential to the trial Court's[judge's]jurisdiction in a criminal Case.Where the indictment is void,the trial Court is without the power to act.Jurisdiction cannot be 'substantially' invoked;it either attaches or it does not;it encompasses the power of the Court and the Court's Authority to determine all essential and Constittuent elements and questions to an offense sought to be charged [case indispute];it must be invoked by properly and completely stating an offense against the laws of Texas and the Test is not ot be applied by highsight;a defect in the charging instrument relating to jurisdiction requirements cannot be waived,or forfeited,not even with Consent.**Ep Kirby V.State**,626 S.W.2d 533,supra(Tex.Cr.App.1982);**Keeter V.State**,105 S.W.3d 137,142,N.6-8(Tex.App.-Waco 2003).In fact,in this instanteCase sub judice,any unaswered questions was not or never about the evidence,[beasues none existed] but about the subject-matter,cause of action or jurisdiction of the trial Court...Which is **Mandatory** that the instrument State the necessary and CONSTITUENT elements of the Ofense.**Dennis V.State**,647 S.W.2d 275,supra(Tex.Cr.App.1983);**Olivo V.State**,918 S.W.2d 579,supra(Tex.Cr.App.1996);Coleman V.State,918 2d 39,43(Tex.Cr.App.1996);**STATE V.Moff**,154 3d 599,601,n.1-2(Tex.Cr.App.2004).

### III.A
**The Standard for Summery Judgmention in Mandamus,As If Habeas Corpus Cases:**

AS THE Issue of the Texas SUPEME Court's jurisdiction is fundamental and may be raised at any time or any stage during the Appellate process,as a general principle,Rule 166a (sup Ct.R.Tex),as if an independent suit-in equity,under Art.27.-08(4)(TCCP),which is too be applied with equal force in the context of §22.221-(Tex.Gov. Code,because Relator submits that the Grant of relief bt this Supreme Court of Texas is a legal and civil matter of judicial discretion in considering and deciding whether this case sub judice involves the construction or and validity of statutes implicated above,for Relator's Case does involve Constitutional issues.In light of the Texas Court of Criminal Appeals,as Respondent(s),appears to have committed an error of law of such importance to the State of Texas juisprudence that it should be corrected.Mainly because Relator must have a clear right-that the Respondent(s) does not recognize,to the relief sougth,-and that is beyond disput.In that the requirements of a clear legal right necessitates that the law plainly describe duty to be performed such that there is no room for the exercise of discretion.**Wilson V.Dunn**,800 S.W.2d 833,836(Tex.-1990).In that Relator fully complied with Rules 106(b),& 109,& 21a(Tex.R.Civ.Pro. ;including the recitation of apprepriate laws that were appliable thereof).Insofar as they are consistant in the Context of habeas corpus cases *with established* habeas Corpus practice and procedure.Inparticularity,when State Courts/judges -

13.Inre.

are presumed to follow the law and to know the law.**Catalan V.Cockrell**,315 F-491,493(5th Cir.2002);**Visciott/WOODFORD**,537 U.S.19,24,27(2002);**Denby V.Wilson**,176 S.W.2d 147,140 Tex.450,151 A.L.R.(Tex.1948), in part:

"Not even the Texas Legilature has the power to enact any law contrary to the provisions of the Constitution."Id....IN FACT,THE Texa Supreme Court has held if and when an ACT [Bill] is Unconstitutional,it is no law at - all."**Miller V.Davis**,150 S.W.2d 973,135 Tex.299,136 A.L.R.177(Tex.1942).

B) "The Respondent(S) or and its Court's Clerk(s) or **Acosta's** unknown derterminat-ion can not be presumed correct unless,as in this case sub **judice**,it has been - rebuuted by clear and convicing evidence thet the lower Appellate Court's plain error of law is Relator's main point of error introduced for said Court to have entertained such action broght before **it**,-from the trial Court as **it** refused to file,docket,and process Relator's Memorandum of law,attached to **his** habeas cor-pus application,**his** two subsequent Counter-claims against the trial Court's pro-cedures in approaching Relator's case at bar,and permitting illegal third Party intervention,among other illegal irregulaities therefrom being performed.Inpart-iclar,when Art.11.07,§ 4(a) & (c)(TCCP) was misapplied,as these provisions are - inopposite for the fact and law of Relator's Case,'that were to be resolved und-er 11.07,§ 4(a)(1)  & (2) & (b) infra(TCCP).Relator had previously contended th-at **he** is,as was,not barred by Art.11.07,§4,from presenting either **his** WRIT of - habeas corpus,or mandamus relief.Consequently,where the facts have been underte-rminable or none-existancing by the Texas Court of Criminal Appeals,this Texas Supreme Court is bound by such unconstitutionalistic existance unless an except-ance to Texas Government Cod,22.221(b) is shown.See also **Simms V.York Crone &** **Rigging CO.,INC**,739 S.W.2d 793,795(Tex.1987);**Red V.Red**,552 S.W.2d 90.92(Tex.19-77)( void previous Order by trial Court,invalid due to lack of jurisdiction),cit-ed in **Harkin V.State On Behalf of Masin**,773 S.W.2d 401,403,n.1-3(Tex.App.-Houst-on [14th Dist.] 1991).Whether the trial COURT or Appellate Court's Respondnet(s)-abused its discretion,or committed an arbitrary act when it/they acted without - any reference to any guiding rules of law,principles,and in an unreasonable man-ner-so inconsistent with  legal due course/process of law as to have rendered a-ny judgment **void** ab initio.Id.at 404,& at n.5; citing **Article I,§ 16** of the Tex-as Constituion,as in this case at bar,**it** is applicable and precludes the taking of property,or liberty interest vested rights to legal due process and the Equal Protection of the law and **mandates** the application of that Constitutional guaran tee.Ibid.,citng **Alford V.City of Dallas**,738 S.W.2d 312,318,& ante III.n.7:

":Impairment of Constracts:" "No-Statute or law passed can impair a Per-son's transfer of Title/contract's-provisions-under either the State - or Federal Constition,and may well have been violated,and thus,does State a Cau-se of action to invoke this said Supreme Court's jurisdiction."Id....

For the fact that"**no Bills of Attiander,Ex Post Facto or retroactive laws**."Id.at **Harkins**,773 .S.W.2d at404,& n.5...Therefore,the plain error of law by the Texas - Court of Criminal Appeals advisory notice affirmed the trial Court's refusual to-

14.Inre.

file ,docket,and properly process Relator's listed claims on appeal and -- Relator's[AleJandro Faris Gonzales's] actual last Constitutional violations Claim(s) for relief in factor because **his** petition(s) was or were accompanied- by the Administrative Office of the States Court's form's memorandum of law.Since the 11.07 form specifically instructs the Applicant not to make legal Arguments on said form.Inwhich Rule 2(Tex.R.App.P.);in accord with Rules 1.1 & 1.2(a)-(b) & (c);**Garrett V.Borden**,283 S.W.3d 852,supra(Tex.2009)(in so far as Relator - is not able to provide a verbatim reproduction of the lower Courts original duplicated copies,no access to photocopiers by TDCJ);CF.**Ex Parte Garcia**,988 S,W.2d-240,supra(Tex.Cr.App.1999)."AFTER the Appellant files a notice of appeal with - the trial Court,**his** Only option to force that CLERK OF THE trial Court to forward notice of Appeal is by mandamus".Id;Rule 26.1(a)(3),& (4),(b);27.3 et seq;28.-3(Tex.R.App.P).Relator,inartfully,believes **he** has met all of the requirements for relief that **he** so has requested.There is no basis upon which to deem Relator's - claim(s) for relief waived,nor forfeited due to inadquate briefing,and must be-viewed under the totality of these set of unprecedeted circumstances.In regard-of TCCA[Respondents] not electing to adress Relator's Constitutional violation - Claims and trial Court's jurisdictional defects-stated in his habeas corpus pet-ion,as well as reiterated in **his** requested writ of mandamus application-not obse-rved.Hence,TCCA's/Respondent'(s) hypotethical advisory conclusion is contrary to clearly established law.Under both Texas and federal laws,and by such violations of Civil rights,does seem to fall under the category of structure errors of law-in the lower COURTS,in their effect upon this Relator's deprivation of liberty.-TCCA's/Respondent'(s)refused to decide Relator's issues of legal and substantive due process violations of the trial Court,and such an underminative manner of ru-ling in absentia,conflicts with applicable decisions of their Own precedent and both Texas and United States Supreme COURTS As well.Wrose yet,TCCA has misconstr-ued Art.11.07 et seq(TCCP),as implemented under requirements by Texas law and the legal due process Clause of the Fourteenth Amdment(U.S.Const.).-denied Relator - an impartial trail and appeal,and thus,Realator is entitled to relief,as no other State remdy exist to cure such impediment to the Courts.The fact that Relator has been deprived of the lower Courts records,is reason too invoke Rule 54.1,54.2(a)-(1) to (4),& (b)(Tex.R.App.P).Which operate to perform A-critical and independent extrinsic role in any criminal or Civil action,and any other result would engen-der illogical results.**State ex rel Rosenthal V.Poe**,98 S.W.3d 194(Tex.2003);**U.S.V. Moylan**,417 F.2d 1002,1006(196).

**Wherefore,premises duly considered**,this Relator sub judice prays that this Supre-me Court's justices grant this Relator's application and issue a WRIT of Mandamus against any or all Respondent(s),DIRECTING him/her/they,in this case,to allow - Relator **his** apportunity to access to the trial Court or and Court of Criminal App-eals,and lift the denial of either Relator's recent habeas corpus petition,or - compel TCCA to entertain Relator's Writ of Mandamus relief,but that all legiti-mate pleadings be filed,docketed,and process for serive upon all parties of int-erest,and any other relief this Court finds fitas urged that justice surely will-previal,upon granting mandamus relief,in preventing a manifest injustice in the-State of Texas judicial system.(see final page 16 for endorsement & Affidavit)

15.Inre.

.Executed on *17th* this day of *March* 2015,

Respectfully Submitted, *Alejandro Faris Gonzales*
Alejandro Faris Gonzales
TDCJ's Account Nu:01494767
2664 F.M.2054,Tennessee Colny,Texas
(Anderson County Texas)---        75886


### Affidavit of Truth Spoken and Certificate of Service

I,Alejandro Faris Gonzales,under TDCJ's account number01494767,am presectly ill-
egally and unlawfully being confined and restrained of My liberty,for all I -
have just stated above,in My writ of Mandamus against the Respondent(s) OF THE
Texas Criminal Court of Appeals,and do hereby affirm and swear under panelty -
of perjury,that all I claimed and stated for the record is true,correct,accurate
and complete,for now,to the best of My ability,and that I have this day too,have
sent the Court of Appeals a copy of the same(carbon copy),pursuant to Tex.R.Civ.
Pract.& Rem.Code,§§ 132.001-132.003.___

AFFIANT/Relator/Individual Person - sign-
ed and endorsed on *17th* this day of *March* 2015.*Alejandro Faris Gonzales*


PS: Attn:clerk(s),et al,I am indigent and cannot provide an extra envelope for
a certified copy of your Supreme Court's stamp-mark to confirm your Court and
its justices had been presented,with My filed mandamus petition for reddressing
My grievances,as the law provides.And for My own personal files too.So please
be so kind to return a true,correct and complete copy of the same,and its time
of a docket's of this Court's entry and processing data.I also pray all opposers
to this mandamus of mine,swear under penalty of perjury too.That way it will be
in line with the truth and justice.*Alejandro Faris Gonzales*